Marvin E. LIPFIRD, Appellant,

v.

MISSISSIPPI VALLEY BARGE LINE COMPANY, a Corporation.

No. 13945.

United States Court of Appeals
Third Circuit.

Argued Sept. 18, 1962.

Decided Dec. 6, 1962.

Harry Alan Sherman, Pittsburgh, Pa., for appellant.

Bruce R. Martin, Pittsburgh, Pa. (Pringle, Bredin & Martin, Pittsburgh, Pa., on the brief), for appellee.

Before MARIS, McLAUGHLIN and GANEY, Circuit Judges.

MARIS, Circuit Judge.

This appeal involves a civil action brought in the District Court for the Western District of Pennsylvania by the plaintiff, Marvin E. Lipfird, a seaman, against his employer, the Mississippi Valley Barge Line Company, for the recovery of damages for injuries claimed to have been suffered from two separate accidents, the first occurring on July 3, 1954, when the plaintiff was ordered to paint the motor boat on the vessel M/V Northern, and the second occurring on May 14, 1957 aboard the M/V Valley Transporter when he was ordered to wash the side of the vessel. The complaint, which was filed on September 25, 1958, asserted two causes of action arising out of the 1954 and 1957 accidents, each based upon negligence under the Jones Act, 46 U.S.C.A. § 688, and upon unseaworthiness under the maritime law, and also asserted two causes of action for maintenance and cure arising out of these accidents, the complaint clearly disclosing that the action was instituted more than four years after the occurrence of the July 1954 accident. The defendant answered raising, inter alia, the defenses of the statute of limitations and of laches. The answer further averred that the plaintiff had settled on November 3, 1954 the claim arising out of the July 3, 1954 occurrence by executing a release in consideration of a payment to him by the defendant of $250.00 and that the defendant had paid the plaintiff maintenance and cure following each accident.

The case was tried to a jury. At the close of the evidence, counsel for plaintiff moved orally for leave to withdraw the Jones Act negligence basis for the July 1954 claim, admitting that its assertion was barred by the three years statute of limitations, 45 U.S.C.A. § 56, and for leave to withdraw the maintenance and cure claims both of which the evidence established had been paid. The trial judge granted both motions. The defendant then filed a written motion for a directed verdict. The trial judge granted defendant's motion so far as it concerned the remaining basis, unseaworthiness, for the claim for damages for the July 1954 accident, concluding that on plaintiff's own evidence the vessel was not unseaworthy, that plaintiff's evidence as to the place where the accident occurred was so wholly contradictory that the jury would be required to guess which location averred by the plaintiff was the true one, and that under the facts of the case the claim based on unseaworthiness was barred by the plaintiff's laches.

The defendant's motion with respect to the plaintiff's claim for damages for the May 1957 accident was denied and that claim for relief was submitted to the jury which returned a verdict in favor of the plaintiff in the sum of $5,150.00. Judgment against defendant was entered thereon and motions for a new trial by plaintiff on the July 1954 unseaworthiness claim and by defendant on the May

1957 claim were denied. The plaintiff alone appealed.

On this appeal we need consider only the plaintiff's contention that the trial judge erred in holding that the plaintiff was barred by his laches from prosecuting his claim for damages for the July 1954 accident upon the remaining ground of unseaworthiness.

It is settled that a seaman's suit for damages for personal injuries claimed to have resulted both from unseaworthiness and Jones Act negligence must be brought in a single proceeding since these claims give rise to a single cause of action, one actionable wrong for which a seaman is entitled to but one recovery. Baltimore S.S. Co. v. Phillips, 1927, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069. "Since," said the Supreme Court in McAllister v. Magnolia Petroleum Co., 1958, 357 U.S. 221, 225, 78 S.Ct. 1201, 2 L.Ed.2d 1272, 1276, "the seaman must sue for both unseaworthiness and Jones Act negligence in order to make full utilization of his remedies for personal injury, and since that can be accomplished only in a single proceeding, a time limitation on the unseaworthiness claim effects in substance a similar limitation on the right of action under the Jones Act. Congress has provided that a seaman shall have three years to bring his action under the Jones Act." The Supreme Court accordingly concluded in the McAllister case that the doctrine of laches might not be so applied as to impose upon a claim for damages insofar as it is based upon unseaworthiness a shorter period of limitation than that prescribed for claims under the Jones Act.

The case now before us presents the question whether the doctrine of laches may be applied by analogy to the limitation applicable to Jones Act cases to bar the assertion of unseaworthiness as a basis for a seaman's claim for damages in a suit brought more than three years after the accident occurred.

In a concurring opinion in the McAllister case Justice Brennan said, 357 U.S. 229–230, 78 S.Ct. 1201, 2 L.Ed.2d 1278–1279

"* * * Just as equity follows the law in applying, as a rough measure of limitations, the period which would bar a similar action at law, see Russell v. Todd, 309 U.S. 280, 287, [60 S.Ct. 527, 84 L.Ed. 754, 759], I think that the maritime cause of action for unseaworthiness could be measured by the analogous action at law for negligence under the Jones Act, 46 U.S.C. § 688. This reference seems especially appropriate since the seaman's remedy for unseaworthiness under the general maritime law and his remedy for negligence under the Jones Act are but two aspects of a single cause of action. Baltimore S.S. Co. v. Phillips, 274 U.S. 316, [47 S.Ct. 600, 71 L.Ed. 1069].

"It thus seems to me that the three-year limitation on the Jones Act remedy, 45 U.S.C. § 56, is the ready and logical source to draw upon for determining the period within which this federal right may be enforced. * * * The alternative of subjecting the parties' rights to the variant state statutes of limitations and the consequent uncertainty of legal obligation would inject an unnecessarily sporting element into the affairs of men. * * * The mischief to be avoided is the possibility of shopping for the forum with the most favorable period of limitations."

In Wounick v. Pittsburgh Consolidation Coal Company, 1960, 3 Cir., 283 F.2d 325, 328, cert. den. 364 U.S. 902, 81 S.Ct. 234, 5 L.Ed.2d 195, we indicated our accord with the views thus expressed by Justice Brennan that it is the limitation of three years applicable to Jones Act cases rather than the state statute of limitations which is the appropriate reference by which to measure the plaintiff's laches.

We have thus held that by analogy to the statutory limitation imposed upon

Jones Act negligence claims laches on the part of a plaintiff seaman will be presumed if he fails for more than three years after an accident to assert unseaworthiness as a ground for recovery for personal injuries suffered therein. We have also held that such delay on the part of the plaintiff will bar the assertion by him of unseaworthiness as a ground for recovery unless he overcomes the presumption of inexcusable delay and detriment to the defendant resulting from the delay by pleading and proving facts which do excuse the delay and show that it has been in no way detrimental to the defendant. Kane v. Union of Soviet Socialist Republics, 1951, 3 Cir., 189 F.2d 303, cert. den. 342 U.S. 903, 72 S.Ct. 292, 96 L.Ed. 676.

It might be argued with much force that the rationale of the ruling of the Supreme Court in the McAllister case compels the conclusion that the three years limitation which applies to Jones Act negligence claims is directly applicable to bar reliance upon unseaworthiness as well as negligence in the single action for damages in which a seaman must assert both grounds if he intends to rely on them. For in the McAllister case the Court held, as we have seen, that a time limitation of two years on the claim of unseaworthiness, if enforced in such a single action, would have accomplished in substance a similar limitation on the claim of negligence made in the same action in spite of the longer limitation applicable by statute to the Jones Act negligence claim. It would appear to follow logically that the converse should be true and that the enforcement of the three years limitation imposed by statute on the claim of Jones Act negligence made in support of the single action would accomplish in substance a similar three years limitation on the claim of unseaworthiness also made in support of it even if application of the ordinary doctrine of laches might not then bar the claim. Such a result would seem to follow logically from the unitary nature of the seaman's action and would accord with the public policy against the prosecution of stale claims by railroad workers and seamen which was declared by Congress in enacting the three years limitation. 45 U.S.C.A. § 56.

■ We need not decide this question, however, since in the present case the plaintiff wholly failed to plead or prove any facts excusing his delay and showing lack of prejudice to the defendant in spite of the assertion of laches by the defendant in its answer. Indeed the facts actually proven are to the contrary. Thus the testimony reveals that the plaintiff was discharged from further medical care as fully recovered in less than two months following the July 1954 accident and that during the latter part of August 1954 he returned to work at the same wages. Thereafter, he sought payment of damages by the defendant and on November 3, 1954 he accepted $250.00 and executed a release. There is also a suggestion that plaintiff consulted an attorney about this time. This evidence certainly negated the idea that plaintiff's delay of four years in bringing suit was excusable. Moreover it tended to establish that the defendant was actually prejudiced by the delay. For when the plaintiff accepted a payment from the defendant and signed a release, which he did within four months after the accident, the defendant was clearly justified in assuming that since the plaintiff's claim had been settled, further preparation for defense of the claim might be abandoned, its files closed and the incident forgotten.

We conclude that the trial judge was right in holding that the plaintiff was barred by his laches from asserting unseaworthiness as a basis for his claim for damages for injuries arising from the July 1954 accident. It follows that there was no error in granting the motion for a directed verdict with respect to the July 1954 claim of unseaworthiness.

The judgment of the district court will be affirmed.