Dolores J. Romine BAKER, individually and as Administratrix of the Estate of Paul E. Romine, Deceased

v.

ALLEGHENY LUDLUM STEEL CORPORATION.

No. 395.

United States District Court
W. D. Pennsylvania.

Sept. 3, 1963.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

David B. Buerger, Clayton A. Sweeney, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is an admiralty proceeding based on a maritime tort, arising out of an accident occurring June 19, 1957, on the inland waterways of Pennsylvania, instituted on behalf of the widow and three minor children, then ages five, three and two, for the death of the husband and father, who was drowned while performing his duty as a vessel pilot. The right to recover must be based on the Pennsylvania law for pecuniary loss to the wife and children under the Wrongful Death Statute, and for loss to the estate of the deceased under the Survival Statute.

Previous actions were filed in this Court against the owner of the vessel, the employer of the deceased, under the Jones Act based on the doctrine of negligence, and under the admiralty and maritime laws based on the doctrine of unseaworthiness,[1] and against the owner of the barge based on the doctrine of negligence and unseaworthiness.[2]

The accident and death occurred on June 19, 1957, when the deceased, as a pilot of the vessel, was moving a barge from the wharf or dock of the respondent, which barge had been placed at said site for unloading of merchandise and commodities which were the property of the respondent. While the barge was being unloaded, it was found to be leaking or taking water and a pump was installed by the respondent to remedy the condition, which pump was removed after completion of the unloading. After the barge was unloaded, the respondent notified the owner of the barge that the unloading had been completed, and said owner, in turn, notified the owner of the vessel of which the deceased was the pilot to move the barge from respondent's wharf or dock. While in the act of returning the barge as directed by the owner and due to the barge being filled with water, the pilot was drowned when the barge caused the vessel to overturn.

The instant action was filed four years after the event, the accident having occurred on June 19, 1957, and suit instituted on June 3, 1961. Since the deceased was not employed by the respondent, the provisions of the Jones Act or the doctrine of unseaworthiness would lay no basis for a cause of action against the respondent. Recovery must be based on the legal thesis of a maritime tort in conjunction with statutory authority in the Commonwealth of Pennsylvania since no right of action for death exists in admiralty or the maritime law for a maritime tort.

Pennsylvania provides for an action for wrongful death for the pecuniary loss sustained by the widow and minor children if brought within a year after death. Pa.Stat.Ann. tit. 12, §§ 1601–1603.

Pennsylvania has further provided that if death occurs as a result of a tortious act, an action may be filed on behalf of the deceased person for the benefit of his estate if brought within two years from the date of death. Pa.Stat.Ann. tit. 12, § 34; Pa.Stat.Ann. tit. 20, §§ 320.601–320.613.

The question posed is: Where the action is not filed for a period of more than four years after the occurrence of the accident and death, is a maritime tort cause of action barred by the statute

---

1. Civil Action 16200—Complaint was filed on September 10, 1957, against Kirk Brothers Towing, Inc., employer of deceased and owner of the vessel.

   Civil Action 16236 was filed against James E. Kirk and Leo G. Kirk, individually and as partners doing business as Kirk Brothers River Towing. (Said actions were the same, the only difference being the identity of the respondent or defendant.)

   Said proceedings were compromised and settled with the approval of the Court for the amount of $11,125.00, on April 11, 1958.

2. Civil Action 17666—Complaint was filed on February 20, 1959, against Ohio River Company, owner of the barge, and was compromised and settled for an additional amount of $25,000. Thus, total settlements made on behalf of the widow and three minor children was $36,-125.00.

of limitations and/or the doctrine of laches?

After consideration of the arguments of counsel, the briefs and the pleadings of the parties, including the pleadings in Civil Action Nos. 16200, 16236 and 17666, which have been incorporated as part of the record of this proceeding, and after full and complete hearing in which the parties were afforded the right to present testimony, the Court concludes as follows:

A. The cause of action under the Wrongful Death Statute of Pennsylvania is barred by both the Pennsylvania Statute of Limitations and by the doctrine of laches in admiralty.

B. The cause of action under the Survival Statute is not barred by the Statute of Limitations in Pennsylvania, but is barred by the doctrine of laches in admiralty.

## STATUTE OF LIMITATIONS

■ Where a cause of action is created by a state in behalf of those who suffered a pecuniary loss, the Court must enforce the state statute of limitations as an integrated whole, with whatever conditions and limitations the creating State has attached and the right is subject to the limitations which have been made a part of its existence. The liability and the remedy are created by the same statutes and the limitations of the remedy are, therefore, to be treated as limitations of the right. The Tungus v. Skovgoard, 358 U.S. 588, 79 S.Ct. 503, 3 L.Ed.2d 524 (1959); Western Fuel Co v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210 (1921).

Since the Pennsylvania Wrongful Death Statute created a new cause of action for surviving heirs of the decedent who suffered pecuniary loss by reason of the tortious death, said cause of action is barred by the Pennsylvania statute of limitations of one year.

■ Under the Survival Statute, the action is not a new cause of action, but merely continues in the personal representative of the dead person the right of action which accrued to the dead person at common law because of the tort. The damages recoverable are measured by the pecuniary loss occasioned to the dead person and, therefore, to his estate by the negligent act which caused death.

The Survival Statute reserves the dead person's right of action and continues it, unabated, in the representative of his estate. An existing right is preserved and a remedy afforded for its enforcement. Therefore, the statute of limitations does not apply to an action under the Survival Statute.

## LACHES

■ In determining whether the doctrine of laches should be applied, the law seems to be settled that laches bars the action when there has been both unreasonable delay in the filing of the action and consequent prejudice to the party against whom the claim is asserted. Claussen v. Mene Grande Oil Company, 3 Cir., 275 F.2d 108, 110; Lipfird v. Mississippi Valley Barge Line Company, 3 Cir., 310 F.2d 639, 642; see Gutierrez v. Waterman S.S. Corp., 373 U.S. 206, 215, 83 S.Ct. 1185, 10 L.Ed.2d 297.

(A) *Does Consequent Prejudice Exist to the Respondent?*

The cause of action as to negligence in this action is based on the failure or neglect of the respondent to notify the owner of the vessel of which the deceased was pilot or, in the alternative, to directly notify the deceased pilot and his crew that the barge was leaking and filled with water when it knew that the barge was leaking prior to and at the time it left respondent's dock.

It is not in dispute that the respondent was informed as to the following facts:

1. That prior to the departure of the tow and barge water was in the barge due to its leaking condition.

2. That a pump was installed by respondent while the barge was in the wharf to pump the water

from the barge during the unloading.

3. That the respondent knew of the accident the following day and that the pilot of the vessel had been drowned.

Respondent claims substantial prejudice in that witnesses have died, records have been destroyed in the normal course of business, witnesses who survive do not have a clear recollection of the occurrences in question, and the insurance carrier of the respondent refuses to defend because of failure to give notice within a reasonable time of the accident.

It is my considered judgment, under all the circumstances, that the respondent has been prejudiced as a result of over four years expiring or elapsing between the date of the accident and the filing of the suit, and that it would not be possible for the action to be fairly and completely tried and administered.

(B) *Excusable Delay by Libellant.*

It is stipulated that the respondent did not know of the leaking condition of the barge and of its being filled with water until October 5, 1960, when the defendant in Civil Action 17666 answered interrogatories in said civil action.

Counsel for the libellant did not desire to file a proceeding against the respondent while Civil Action 17666 was pending, believing that if said action was filed, the Court would have consolidated Civil Action 17666 with the instant action, and that the plaintiff and her witnesses might be discredited due to the allegations made in each of said proceedings, and an impression might be conveyed to the jury that a double recovery was being sought or that the cases were proceeding on contradictory or inconsistent theories.

This contention does not have substance because the trial judge would have most carefully instructed the jury as to the basis of liability as to each of the causes of action and appropriate protection and supervision by the Court would have made possible that the actions feared by counsel for the libellant would not have occurred or been permitted to take place.

It is therefore my conclusion that excusable neglect did exist for the period from June 19, 1957, until October 5, 1960, when the condition of the barge as to its leaking condition was first determined by the libellant and her counsel, but that excusable delay negativing laches does not exist for the period between October 5, 1960, and July 31, 1961.

Since a suit is barred by laches when there has been both unreasonable delay in its filing and consequent prejudice to the party against whom the claim is asserted, the libellant is guilty of laches and the motion to dismiss for laches is granted.

An appropriate Order is entered.