**Louis L. BARRY, Plaintiff,**

v.

**INLAND STEEL COMPANY, a corporation, Defendant.**

**No. 62 C 1103.**

United States District Court
N. D. Illinois, E. D.
May 11, 1964.

---

1. Abbott v. Coe, 71 U.S.App.D.C. 195, 109 F.2d 449 (1939).

Arthur H. Schwab, Chicago, Ill., and S. Eldridge Sampliner, Cleveland, Ohio, for plaintiff.

McBride, Baker, Wienke & Schlosser, Chicago, Ill., for defendant.

MAROVITZ, District Judge.

Motion of defendant to dismiss the cause of action.

This complaint, in two counts, arises out of a shipboard accident, jurisdiction being founded upon diversity of citizenship. Plaintiff, a porter on a vessel owned by defendant, alleges that as a result of defendant's negligence he suffered severe injuries in a fall on June 7, 1956, while attempting to climb into his assigned upper bunk. More specifically, it is contended that defendant was negligent in not providing a ladder or other means other than a chair to afford access to the bunk, in neglecting to keep and maintain the aforesaid vessel in a seaworthy condition and reasonable state of repair, and in failing to provide plaintiff with a reasonably safe place in which to work. For injuries arising out of said acts, plaintiff seeks recovery in the sum of $60,000.

In Count II, plaintiff, realleging the Count I facts, except for the allegations of negligence and unseaworthiness, seeks $10,500 for maintenance and cure.

In his motion to dismiss Count I, defendant asserts that said claim is in reality brought under the terms of the Jones Act, Sec. 688, Title 46 U.S.C., which act contains a three year statute of limitations. It is contended that this action, brought almost six years from the date the cause accrued, is barred by the statute. Plaintiff recognizes the bar erected by the Jones Act limitation as to his claims of negligence, but seeks to have the cause heard on the issue of unseaworthiness, which ground is governed by general maritime law. General maritime law contains no statute of limitations, but is subject only to the doctrine of laches.

For purposes of this motion, plaintiff's contention will be accepted and the cause considered one for unseaworthiness. The Supreme Court has stated in McAllister v. Magnolia Petro Co., 357 U.S. 221, 224–225, 78 S.Ct. 1201, 1204, 2 L.Ed.2d 1272 (1957),

"When a seaman is injured he has three means of recovery against his employer: (1) maintenance and cure, (2) negligence under the Jones Act, and (3) unseaworthiness. Without elaborating on the nature of these three actions, it is sufficient to say they are so varied in their elements of proof, type of defenses, and extent of recovery that a seaman will rarely forego his right to sue for all three. But if the seaman is to sue for both unseaworthiness and Jones Act negligence, he must do so in a single proceeding. That is the consequence of this Court's decision in Baltimore S. S. Co. v. Phillips, 274 U.S. 316 [47 S.Ct. 600, 71 L.Ed. 1069], which held that these claims were but alternative 'grounds' of recovery for a single cause of action. A judgment in the seaman's libel for unseaworthiness was held to be a complete 'bar' to his subsequent action for the same injuries under the Jones Act."

This Court must infer from the above statement that an action for unseaworthiness must for all practical purposes be pleaded alongside a Jones Act negligence claim, as an "alternative" claim. It should not be said that the running of the Jones Act statute of limitations will automatically bar an unseaworthiness claim. Laches is still the standard in maritime cases and should be applied. It would, however, be logical to use the Jones Act limitation as a standard to judge "inexcusable delay" when the causes are so deeply interwoven.

Just such a compromise was adopted by the Third Circuit in Lipfird v. Mississippi Valley Barge Line Co., (3rd, Cir.) 310 F.2d 639. In determining whether the Jones Act three year limitation barred maintenance of an unseaworthiness claim, the Court said, at p. 641:

> "We have thus held that by analogy to the statutory limitation imposed upon Jones Act negligence claims laches on the part of a plaintiff seaman will be presumed if he fails for more than three years after an accident to assert unseaworthiness as a ground for recovery for personal injuries suffered therein. We have also held that such delay on the part of the plaintiff will bar the assertion by him of unseaworthiness as a ground for recovery unless he overcomes the presumption of inexcusable delay and detriment to the defendant resulting from the delay by pleading and proving facts which do excuse the delay and show that it has been in no way detrimental to the defendant."

This is not to say that the three year period mechanically bars unseaworthiness claims, the danger discussed in Gardner v. Panama R. Co., 342 U.S. 29, 30, 72 S.Ct. 12, 96 L.Ed. 31 (1951), but merely that a presumption is created.

Plaintiff has failed to rebut this presumption and excuse his delay. He asserts that he was induced to sign a release by defendant's offer of a job but that he was subsequently removed from said job by defendant. An exhibit attached to defendant's brief, however, clearly shows that plaintiff was petitioned off defendant's vessel by his fellow crew members only two years and three months after his alleged injury. The subsequent delay of three years and some months is not explained.

The Court having considered matters outside the original pleadings, this motion to dismiss shall be treated as a Rule 56 motion for summary judgment. It is the opinion of this Court that plaintiff's cause of action is barred under the doctrine of laches. Accordingly, defendant's motion is granted.