**Victor FIGUEROA, Plaintiff,**

**v.**

**ESSO STANDARD OIL COMPANY, Defendant and Third-Party Plaintiff,**

**v.**

**BETHLEHEM STEEL COMPANY, Third-Party Defendant.**

United States District Court
S. D. New York.
June 19, 1964.

Kirlin, Campbell & Keating, New York City, for defendant and third-party plaintiff, Joseph M. Cunningham, James R. Campbell, New York City, of counsel.

SUGARMAN, District Judge.

The complaint herein shows that plaintiff is a citizen and resident of New York who sues a defendant of diverse citizenship.

The action is at law by a longshoreman against the owner of the S/T ESSO SUEZ on which plaintiff alleges he was injured in New Jersey on March 20, 1959, due to defendant's negligence and the unseaworthiness of the vessel. The complaint was filed herein more than four years later, on March 26, 1963.

Defendant moves

"for an Order under Rule 12(b) dismissing the complaint herein because the same has been served and filed beyond the time limit for doing so by the Statutes of Limitations of the State of New York and of the State of New Jersey, and contrary to the Admiralty principle of laches; or for a separate trial, if this Court adjudges that any issue exists with regard to the Defendant's right to a dismissal of the complaint."

Affidavits and plaintiff's deposition having been resorted to by the parties, this will be treated as a motion for summary judgment under F.R.Civ.P. 56 (b), in accordance with F.R.Civ.P. 12 (b).

Although, as plaintiff urges, the motion as one for summary judgment under Rule 56 lacks compliance with General Rule 9(g) of this court, the procedural deficiency will be ignored and the motion disposed of on the merits.

In order to determine whether laches bars this suit we first look to the appropriate statute of limitations as a guide.

The New Jersey two year statute [N.J.S. Annot. 2A:14–2] relied upon by defendant is not the appropriate one because the New York borrowing statute

Baker, Garber & Chazen, Hoboken, N. J., for plaintiff, Nathan Baker, George J. Duffy, Hoboken, N. J., and Jack Steinman, New York City, of counsel.

[N.Y. Civil Practice Act, § 13, now N.Y. CPLR § 202] is made inapplicable by its very terms to plaintiff who is a resident of New York.

When plaintiff filed his complaint on March 26, 1963 the applicable New York statute was N.Y. Civil Practice Act, § 48(3) which fixed, at least as to the unseaworthiness claim, a six year statute of limitations. Le Gate v. The Panamolga, 221 F.2d 689 (2d Cir. 1955).

The enactment of N.Y. CPLR § 214 (5), effective September 1, 1963, would appear now to establish a three year statute of limitations for personal injury actions whether predicated on negligence or unseaworthiness. Otherwise stated, plaintiff had, under the old law until March 20, 1965 and under the new law until March 20, 1962, to commence this suit. However, under N.Y. CPLR § 10003, the new law is inapplicable if applying it to pending actions would work injustice.

To hold, in the absence of a clear manifestation of legislative intent that, by the enactment of a shorter period of limitation, an otherwise timely suit then pending became outlawed (assuming the legislature had the power to do so) would work just such an injustice as N.Y. CPLR § 10003 was designed to avoid.

Had defendant made this motion on or before August 31, 1963 when the old statute was operative, it would have probably failed because under the guide of the old statute the six year period of limitation having then not expired, laches would not have been found. Defendant cannot be advantaged by its having waited to make this motion until after September 1, 1963 when the three year statute became effective and under which the expiration date became a year before plaintiff started his suit.

Given then a six year statute, which is appropriate to the plaintiff's claim both in negligence and unseaworthiness, Scott v. United Fruit Company, 195 F. Supp. 278 (S.D.N.Y.1961), we are required to determine its reflection on the laches claimed here by defendant.

Larios v. Victory Carriers, Inc., 316 F.2d 63 (2d Cir. 1963) points the way. The instant action having been commenced before the expiration of the six year period, albeit not until four years after the accident had gone by, "the court asks why it should not be" allowed to proceed.

It thus becomes the defendant's obligation to supply the answer. Two factors are jointly considered—whether the plaintiff's delay was excusable and whether it prejudiced the defendant.

Here, plaintiff's explanation for not suing earlier is a "weak excuse", i. e., plaintiff saw no need to consult a lawyer as to his rights until his employer (the third-party defendant, Bethlehem Steel Company) stopped paying him compensation benefits, etc. shortly before he filed this action. But even "a weak excuse may suffice if there has been no prejudice". Larios, at 67.

No hearing, either now or reserved for the trial, on the question of prejudice to defendant by the delay, is necessary. The papers reveal facts negating any prejudice to defendant. The log of the defendant's vessel contains an entry on the date of plaintiff's injury reading:

"1700 Ship yard laborer Victor Figueroa fell while entering Port Bunker settler, man fell from narrow platform about 10 feet to the bottom of the tank. Ship yard doctor was called and treated man before removal to St. Mary's for further treatment.

/s/ H. C. Schulz
Watch Officer"

Thus alerted immediately to the accident defendant had ample opportunity to investigate it. If it failed to do so, which defendant's moving papers do not suggest, any resulting prejudice is attributable to its own neglect and not to the plaintiff's delay in bringing the suit.

Further, defendant has brought in as a third-party defendant, the plaintiff's employer as indemnitor. All that the

third-party defendant learned about plaintiff's case during the four years that it compensated and treated him is available to defendant.

The defendant's motion is in all respects denied.

It is so ordered. No further order is necessary.