RONDA COMPANIA MARITIMA S.A., as Owner of the S/S OLYMPOS, Libellant,

v.

M/V DAGALI, her engines, boilers, etc., and A/S OCEAN, John P. Pedersen & Son, Respondent.

United States District Court
S. D. New York.

Aug. 14, 1964.

Zock, Petrie, Sheneman & Reid, New York City, Howard M. McCormack, New York City, of counsel, for libellant.

Haight, Gardner, Poor & Havens, New York City, Charles S. Haight, Jr., and Gordon W. Paulsen, New York City, of counsel, for respondent.

MacMAHON, District Judge.

This is a motion for an order, pursuant to Supreme Court Admiralty Rule 58(b), granting summary judgment to respondent and dismissing the libel on the ground that it is barred by laches, or, in the alternative, dismissing the libel on the ground of *forum non conveniens*.

Admiralty courts look to the local statute of limitations as a guide to the determination of laches. Oroz v. American President Lines, Ltd., 259 F.2d 636, 639 (2 Cir. 1958), cert. denied, 359 U.S. 908, 79 S.Ct. 584, 3 L.Ed.2d 572 (1959). There is no issue respecting any material fact. The collision in suit took place on November 12, 1960, outside the State of New York, in the Welland Canal, within the territorial waters of the Dominion of Canada. The pertinent provision of the New York law is the "borrowing statute," C.P.L.R. § 202,[1] which, in substance, provides that the shorter of the time statutes of limitations, in this case New York (three years) or Canada (two years), governs.[2]

This suit was commenced on November 12, 1963—one year too late under New York's "borrowing statute." In such circumstances, a court of admiralty asks why the case should be allowed to proceed. Larios v. Victory Carriers, Inc., 316 F.2d 63 (2 Cir. 1963). A plaintiff, who has delayed bringing suit beyond the analogous state period of limitations, has the ultimate burden of persuasion both as to the excuse for his own delay and as to lack of prejudice to the defendant. Larios v. Victory Carriers, Inc., supra, at 67.

Libellant wholly fails to establish any justifiable excuse for it could have commenced suit in New York at any time after November 13, 1960, when it received the assurance of Scandinavian Marine Claims Office, Inc. "to arrange a general appearance on behalf of the SS DAGALI and her owners" when required. The fact that damages were not definitively determined until June 13,

---

1. Libellant's contention that the governing statute is C.P.L.R. § 207 is without merit. Assuming that § 207 applies to foreigners who have never resided in the State of New York (a question which we do not decide), it is nonetheless clear that § 207 has no application where jurisdiction can be obtained without personal delivery of the summons, or where the summons may be served upon a designated agent or other person. As libellant concedes, "the exchange of underwriter's letters clearly indicates that a general appearance will be filed, when required, on behalf of the DAGALI and her Owners, as well as furnishing a surety bond to secure libellant's claim in rem against the vessel." Thus, jurisdiction, both over the ship and her owners, could clearly have been obtained in this case without service of a summons or, at the very least, by service of a summons upon respondents' representative. An agreement to enter a general appearance obviates any necessity for personal services of process.

2. It is uncontradicted that the Canadian statute of limitations bars this action unless it was commenced within two years from the date when the damage or loss or injury was caused. Canada Shipping Act § 655(1).

1963 in no way excuses libellant's delay for, admittedly, a survey of damages was made on November 17, 1960, and libellant was therefore in a position to make a reasonable estimate of the amount of damages.

Moreover, it appears that respondent has been prejudiced. During the interval between collision and suit, the DAGALI's watch officer and helmsman left respondent's employ. True, they left respondent's employ on April 26, 1961, some six months after the collision, so that respondent would have encountered the difficulty of obtaining their testimony to some extent, even if libellant had begun this suit within two years. Nevertheless, respondent's predicament is worse than it would have been if libellant had sued in time, for the more time that elapses the more difficult it is to locate seamen and to induce them to testify for a former employer. Phillips v. Luckenbach Steamship Co., 227 F.Supp. 195 (S.D.N.Y.1964). Obviously, the DAGALI's helmsman was in the best position to testify as to the course his vessel was steering, what helm orders he executed before collision, how the DAGALI answered her helm, and whether she "veered sharply across the channel" and struck the OLYMPOS, as alleged by libellant.

■ Libellant has satisfied neither its burden of excusing its delay, nor of showing that respondent has not been prejudiced. There is, thus, no reason why this court should refuse to follow the local statute of limitations. Redman v. United Fruit Co., 185 F.2d 553, 554 (2 Cir. 1950).

We conclude, therefore, that this libel is barred by laches. We do not reach the question of whether it should also be dismissed on the ground of *forum non conveniens*.

Accordingly, respondent's motion for summary judgment dismissing the libel, pursuant to Supreme Court Admiralty Rule 58(b), is in all respects granted, and there being no just reason for delay, the Clerk is directed to enter judgment dismissing the libel.

So ordered.