Manuel CONTY, Libellant-Appellant,

v.

STATES MARINE LINES, INC., Respondent-Appellee.

No. 13, Docket 29436.

United States Court of Appeals Second Circuit.

Argued Sept. 24, 1965.

Decided Jan. 5, 1966.

William Gitnick, New York City (George L. Platt, New York City, of counsel; Klein & Hirschberger, New York City, on the brief), for libellant-appellant.

Corydon B. Dunham, New York City (Nicholas Milano, Herman L. Falk, Bernard A. Grossman, and Philip J. O'Brien, New York City, of counsel), for respondent-appellee.

Before MOORE, SMITH and ANDERSON, Circuit Judges.

MOORE, Circuit Judge:

On October 10, 1962, Manuel Conty, a United States merchant seaman from New York, filed a libel in the District Court for the Southern District of New York, asserting that he sustained back injuries while working as a crew member aboard the SS Simon Victory in the port of Pusan, Korea, on January 12, 1958, which were caused solely by the vessel's unseaworthiness. On July 13, 1964, at the termination of pre-trial proceedings, respondent-appellee States Marine Lines, Inc., filed a motion for summary judgment on the ground that the action was barred by laches. The court granted the motion, using as the analogous state statute of limitations New York CPLR § 214(5), effective September 1, 1963, which limits all personal injury actions to three years. The court reasoned that the running of the analogous state statute raised a presumption of prejudice to States Marine which Conty failed to rebut and dismissed the libel.

On appeal, Conty contends that the grant of summary judgment should be reversed because the court incorrectly relied on CPLR § 214(5) as the analogous state limitations statute. We agree.

As a general rule, in deciding whether maritime claims are barred by laches, courts of admiralty use local limitations statutes as rules-of-thumb concerning the presence of prejudice or excusable delay. E. g., Oroz v. American President Lines, 259 F.2d 636, 639 (2d Cir. 1958); see Gilmore & Black, The Law of Admiralty, 628 (1957). "When the suit has been brought after the expiration of the state limitation period, a court applying maritime law asks why the case should be allowed to proceed; when the suit, although perhaps long delayed, has nevertheless been brought within the state limitation period, the

court asks why it should not be." Larios v. Victory Carriers, Inc., 316 F.2d 63, 66 (2d Cir. 1963).

 In 1962 when Conty filed his libel, two limitations statutes relating to personal injury actions were in effect in New York:[1] N.Y.Civil Practice Act § 49(6), a three-year statute governing all actions based solely on negligence; and N.Y.Civil Practice Act § 48(3), a six-year statute governing all other personal injury actions. Since unseaworthiness is a species of liability without fault, " 'neither limited by conceptions of negligence nor contractual in character. * * *' " Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 549, 80 S.Ct. 926, 932, 4 L.Ed.2d 941 (1960), the appropriate analogous state limitations statute for determining whether Conty's libel based solely on a claim of unseaworthiness is barred by laches is the six-year general personal injury statute,[2] § 48(3). E. g., LeGate v. Panamolga, 221 F.2d 689, 691 (2d Cir. 1955); Figueroa v. Esso Standard Oil Co., 231 F.Supp. 168 (S.D.N.Y. 1964). The present three-year statute, CPLR § 214(5), which applies to all personal injury actions whether predicated on negligence or unseaworthiness is inapposite since "under N.Y. CPLR § 10003, the new law is inapplicable if applying it to pending actions would work injustice." Figueroa v. Esso Standard Oil Co., supra, at 170. The above authorities clearly demonstrate that the district court's dismissal of Conty's libel as barred by laches was based on an erroneous conception of the applicable law.[3] The merits, if any, of the defense of laches, being equitable in nature, will have to be determined under such procedures as may be available to the parties under the Federal Rules of Civil Procedure.

Accordingly, we reverse the judgment of the District Court.

---

1. It is agreed that New York law should govern.

2. The sole authority cited by Judge Mac-Mahon was Oroz v. American President Lines, Ltd., 259 F.2d 636 (2d Cir. 1958). However, that case bears no resemblance to this one, for there, this court applying New Jersey law held that an unseaworthiness claim was governed by a two-year New Jersey statute which limited all personal injury actions. Id. at 639.

3. It should also be noted that the district court's contention that the expiration of an analogous state statute of limitations creates a presumption of prejudice against a defendant is contrary to this court's recent decision in Larios v. Victory Carriers, Inc., supra. In Larios we rejected that rule as inconsistent with recent pronouncements by the Supreme Court to the effect that the equities of the parties rather than a mechanical application of analogous state limitations statutes should guide determinations of laches. See Czaplicki v. Hoegh Silvercloud, 351 U.S. 525, 533, 76 S.Ct. 946, 100 L.Ed. 1387 (1956); Gardner v. Panama R.R., 342 U.S. 29, 31–32, 72 S.Ct. 12, 96 L.Ed. 31 (1951). While the burden of persuasion remains on the plaintiff, trial judges are invited to weigh evidence tending to excuse delay and the length of delay against evidence of prejudice which the defendant is required to adduce.