Hammond **CEDERHOLM**, Plaintiff,

v.

**SIDERMAR**, S. P. A. and John W. McGrath Corp., Defendants.

Civ. No. 66 2395.

United States District Court
S. D. New York.

Jan. 9, 1967.

Paul C. Matthews, New York City, for plaintiff.

Dorsey, Burke & Griffin, New York City, for defendant Sidermar, S.P.A. Michael D. Martocci, New York City, of counsel.

Schaffner & D'Onofrio, New York City, for defendant John W. McGrath Corp. Daniel A. Rago, of counsel.

## MEMORANDUM DECISION

MANSFIELD, District Judge.

On August 3, 1966, plaintiff instituted this action alleging that on August 1, 1963, three years and three days prior to the commencement of the action, he was injured in New York while performing his duties as a seaman on board the vessel Auriga. He attributes the accident to the unseaworthiness of the vessel and the negligence of John W. McGrath Corporation, the stevedoring concern and Sidermar, S.P.A., the Italian owner of the vessel.

■ Defendants' motion for summary judgment on the doctrine of laches is denied. In determining whether laches should bar a plaintiff in an instance such as this, the federal courts apply the state statute of limitations as a rule of thumb. Oroz v. American President Lines, 259 F.2d 636 (2d Cir.), cert. denied 359 U.S. 908, 79 S.Ct. 584, 3 L.Ed.2d 572 (1958). Prior to September 1, 1963, when the New York C.P.L.R. went into effect, New York's six-year statute would have furnished the criterion. Antolos v. Ministere de la Marine Marchande, 214 F.Supp. 296 (S.D.N.Y.1962). New York's C.P.L.R. § 214(5), however, reduced the period to three years (Conty v. States Marine Lines, Inc., 355 F.2d 26 (2d Cir.1966)), which applies to any action instituted subsequent to September 1, 1963. New York C.P.L.R. § 10003.

. [2] Plaintiff having failed to institute this action until two days after the expiration of the applicable three-year period, the ultimate burden is upon him to show why the action snould not be dismissed, with the Court being called upon to weigh the legitimacy of the excuse, the inference to be drawn from the expiration of the state statute, the length of the delay and any evidence of prejudice to the defendants. Larios v. Victory Carriers, Inc., 316 F.2d 63 (2d Cir.1963).

■ The only excuse advanced by the plaintiff for being two days late in filing this suit is that his counsel was negligent. This is, at best, weak. See Redman v. United States, 86 F.Supp. 41 (S.D.N.Y.1948), affd., 176 F.2d 713 (2d Cir.1949). But even a weak excuse will suffice when it appears that defendants have not been prejudiced by the delay.

■■ In this case the Court is primarily concerned with what prejudice, if any, resulted from the two-day delay between the expiration of the state statute of limitations and the institution of the suit. Ronda Compania Maritima, S. A. v. M/V Dagali, 239 F.Supp. 447 (S.D. N.Y.1964). Defendants, however, have never contended that they were prejudiced by this two-day delay. Their claim of prejudice is based on the plaintiff's failure to give them notice of his claim within a reasonable time after the accident, which would have enabled them to obtain evidence as to the facts and circumstances of the accident from various witnesses, including seamen and others, who were then available but who are probably now disbursed over the globe, and who, even if now located, would probably have no recollection of the facts at this late date. While such a notice would undoubtedly have been fairer to the defendants, the plaintiff was not obligated to give any such notice until his institution of suit, which he had a right to bring any time up to the end of the period of three years from the time of the accident. Under these circumstances, while the excuse for the additional two days' delay is almost insubstantial, the Court does not believe that it warrants granting defendants' motion for summary judgment.

Defendants also contend that plaintiff was not a seaman, that he was not entitled to the benefits of the general maritime law and that New York's strict

three-year statute should be applied. Suffice it to say that the affidavits of the parties have raised a material issue of fact as to this issue.

Accordingly, the motion is denied.

So ordered.