Francisco **ROSA**, Plaintiff,

v.

**UNITED FRUIT COMPANY**, Defendant.

**No. 67 Civ. 1716.**

United States District Court,
S. D. New York.

Feb. 5, 1970.

Rolnick, Ezratty & Huttner, by Richard D. Huttner, New York City, for plaintiff.

Kenneth C. Butterfield, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

MOTLEY, District Judge.

 Plaintiff seaman instituted this action against defendant owner of the vessel SS SAN JOSE for damages resulting from injuries sustained on board the vessel March 9, 1962. Suit was commenced May 2, 1967, more than five years after the accrual of the alleged cause of action, upon a complaint of unseaworthiness. Defendant moved for summary judgment dismissing the complaint, Rule 56, Fed.R.Civ.P., on the ground of laches, when this cause came on for pretrial settlement conference in Part I of this Court. Ordinarily, such a motion is not entertained by the Part I judge, but is referred to the Motions Part. See Rule 9(c) (3), General Rules of the United States District Courts for the Southern and Eastern Districts of New York. However, this judge, sitting in Part I, agreed to hear and determine defendant's motion on the merits upon the express representation by defendant that should the motion be decided adversely to defendant, the case would be settled. The motion is denied.

As a general rule, in deciding whether maritime claims are barred by laches, courts of admiralty use local limitations statutes as rules-of-thumb concerning the presence of prejudice or excusable delay.

Conty v. States Marine Lines, Inc., 355 F.2d 26, 27 (2d Cir. 1966).[1] In this case, it is agreed that New York law should govern. However, before proceeding with the examination of the applicable local rules, it should be noted that laches is fundamentally an equitable defense, and "the equities of the parties rather than a mechanical application of analogous state limitations statutes should guide determinations of laches." 355 F.2d at 28 n. 3.

The alternative analogous state statutes of limitations for plaintiff's claim for personal injuries based upon unseaworthiness, are New York Civil Practice Act § 48(3) (six years) in effect in March 1962 but since repealed; and New York CPLR § 214(5) (three years) in effect since September 1, 1963. Conty v. States Marine Lines, Inc., supra. Plaintiff claims that the six-year statute in effect at the time the cause of action accrued in 1962 is the appropriate standard. In support of this position he points to N.Y. CPLR § 218(b), which provides that an accrued cause of action not barred on September 1, 1963, is governed by the longer of the old and new statutes of limitations. See Bonilla v. Reeves, 49 Misc.2d 273, 267 N.Y.S.2d 374 (N.Y.Sup.Ct.1966); Rolnick v. Rolnick, 55 Misc.2d 243, 284 N.Y.S.2d 908 (N.Y.Sup.Ct.1967), rev'd on other grounds, 24 N.Y.2d 805, 300 N.Y.S.2d 586, 248 N.E.2d 442 (N.Y.Ct. of Appeals 1969). Cf. Conty v. States Marine Lines, Inc., supra; but see Cederholm v. Sidermar, S.P.A., 262 F.Supp. 858 (S.D.N.Y.1967), in which Judge Mansfield,

---

1. Other courts have looked to the three-year limitation on negligence actions under the Jones Act, in determining the perimeter of laches in actions for unseaworthiness. The Third Circuit, Lipfird v. Mississippi Barge Line Co., 310 F.2d 639 (1962), and very recently the Eastern District of Virginia, Banks v. United States Lines Co., 293 F.Supp. 62 (1968), have analogized the Jones Act provision to such actions on the apparent authority of McAllister v. Magnolia Petroleum Co., 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272 (1958). In that case, the Court held that a claim based on unseaworthiness, when joined with one based on negligence under the Jones Act, could not be barred by a local statute of limitations that was shorter than that contained in the Jones Act, viz., two years.

Lipfird and Banks reasoned that the Supreme Court meant to set up the Jones Act as the general authority for determining laches, without any recourse to local rules. See also Baker v. Allegheny Ludlum Steel Corp., 221 F.Supp. 336 (W.D.Pa.1963); West v. Upper Mississippi Towing Corp., 221 F.Supp. 590 (D.Minn. 1963); Barry v. Inland Steel Co., 234 F. Supp. 276 (N.D.Ill.1964). However, that result does not necessarily follow from the rather narrow holding of McAllister, and has apparently not been considered in this Circuit by whose law this court is bound.

relying on the more general provision of New York CPLR § 10003, *held*, that the shorter three-year statute applied to an action instituted after September 1, 1963.

■ The court is of the opinion that N.Y. CPLR § 218(b), and not § 10003, controls the application of statutes of limitations for causes of action accruing before September 1, 1963, and that plaintiff's position with respect to the application of the old six-year statute, N.Y. Civil Practice Act § 48(3), is correct. Plaintiff's claim would not be barred under New York law. However, as discussed, *supra*, the analogous state statute of limitations is a guide, not a mandate, for determining laches. Accordingly, the court proceeds to weigh the equities of plaintiff's justification for the five-year delay in filing suit, against defendant's claim of prejudice caused thereby. Larios v. Victory Carriers, Inc., 316 F.2d 63 (2d Cir. 1963); Cederholm v. Sidermar, S.P.A., 262 F.Supp. 858 (S.D.N.Y.1967).

■ Plaintiff was allegedly injured on March 9, 1962, while working underneath a dishwashing machine repairing certain machine parts. In answer to defendant's interrogatories, he claims that "the First Assistant Engineer, without warning [him], struck the drain pipe in an effort to remove it causing rusty scales to fall on [his] face and into [his] eyes." Plaintiff's injury was first reported to Joseph Andrews, the First Assistant Engineer, who presumably prepared the Report of Accident filed on March 16, 1962. That same day, the injury was entered in the vessel's medical log. Plaintiff was first examined by Dr. C. G. Smith on March 19, 1962, on the behalf of defendant, and thereafter received treatment for his eye injury. He was paid maintenance by defendant from the time of the examination until April 20, 1962.

On August 16, 1963, Bernard Rolnick, plaintiff's attorney, wrote to defendant advising that "[m]aintenance payments may be made directly to [plaintiff].

* * *" At the present time, plaintiff is represented by the firm of Rolnick, Tabak, Ezratty & Huttner, of which one Bernard Rolnick is a partner. Presumably the two "Bernard Rolnick's" are one and the same.

Assuming that to be the case, plaintiff's only justification for the delay in filing suit (although none is proffered) is the negligence of counsel. "This is, at best, weak. * * * But even a weak excuse will suffice when it appears that defendant [has] not been prejudiced by the delay." Cederholm v. Sidermar, S.P.A., *supra*, 262 F.Supp. at 859.

Defendant's claim of prejudice, simply, is that the only witness to the accident, Joseph Andrews, cannot now remember anything about the accident, or even the circumstances of his preparing the Report of Accident. On July 31, 1968, he signed an affidavit to that effect, and made similar statements in a deposition taken January 8, 1970. Defendant asserts that it thus "does not have the ability to present witnesses in the defense of this action, the recollection of whom can be relied upon," and that "[i]t is conjecture at this point as to whether or not the accident report will be received into evidence as the necessary witnesses to prove the authenticity of same is at issue."

Taking this last point first, it is not for the court at this time to rule on the admissibility of documents into evidence. If this suit proceeds to trial, defendant will then be able to make whatever objections are appropriate with respect to any offer of plaintiff of the Report of Accident. Discussion at this time would be, as defendant states, "conjecture" and completely premature.

As to the first point, although the Report of Accident contains plaintiff's statement that he "was working underneath the dishwashing machine and something fell on [his] left eye," it does not contain any statement about *why* something fell into his eye, and it is clear that Mr. Andrews' testimony would

be of great importance to defendant. Therefore, defendant's claim of prejudice is substantial.

However, the responsibility for this prejudice is not solely plaintiff's. This is not a case in which defendant has been taken completely by surprise by an old claim suddenly and unexpectedly resurrected, but one of which defendant had immediate notice of the circumstances giving rise to it and then a reminder more than a year later. Plaintiff filed a Report of Accident a week after it occurred in March 1962, and a contemporaneous entry was made in the vessel's medical log; defendant's doctor examined plaintiff a few days later; maintenance and cure were provided by defendant for a month; and in 1963 plaintiff's attorney in effect requested additional maintenance from defendant. Thus, there was ample, active notice to defendant of the fact and circumstances of plaintiff's accident before suit was filed.

Defendant's assertion that it considered the claim to be "dead" because of the absence of formal legal action is not reasonable in light of the letter from plaintiff's attorney in 1963, however brief and informal it may have been. Defendant was also less than diligent in questioning the witness to the accident, Joseph Andrews, who was and is still in defendant's employ: defendant waited more than a year *after suit was filed* to contact him and first ascertain his inability to remember the circumstances of plaintiff's injury. Moreover, Andrews was not formally deposed until January 8, 1970, when he reiterated his present lack of recollection. Defendant also alleges that it did not know the particulars of plaintiff's claim until it received answers to its interrogatories in October 1969. However, this is no justification for the delays in questioning Andrews because defendant was apprised in March 1962 (when the Report of Accident was filed) that the accident was first reported to Andrews; and that plaintiff claimed that he was injured while working under the orders of Andrews.

Plaintiff's claim not being barred by the applicable state statute of limitations, and defendant being in part responsible for the prejudice to its own case because of its lack of diligence in contacting the witness to the accident, the court does not find evidence of laches here. Defendant's motion for summary judgment is denied.

So ordered.