Michael Blessington, as Administrator of the Estate of Michael Blessington, Jr., Deceased, Respondent, *v.* McCrory Stores Corporation, Appellant, et al., Defendants, and M. A. Henry Co., Inc., Defendant and Third-Party Plaintiff. E. I. Du Pont de Nemours & Company, Third-Party Defendant.

Michael Blessington, as Administrator of the Estate of Michael Blessington, Jr., Deceased, Appellant, *v.* McCrory Stores Corporation et al., Respondents, and M. A. Henry Co., Inc., Defendant and Third-Party Plaintiff. E. I. Du Pont de Nemours & Company, Third-Party Defendant.

Argued January 5, 1953; decided March 5, 1953.

*Richards W. Hannah* and *Alan W. Craig* for appellant in first above-entitled action. I. A cause of action for breach of warranty for personal injuries is barred by the three-year Statute of Limitations in subdivision 6 of section 49 of the Civil Practice Act. (*Schlick* v. *New York Dugan Bros.,* 175 Misc. 182; *Buyers* v. *Buffalo Paint & Specialties,* 199 Misc. 764.) II. The gravamen of a cause of action determines the Statute of Limitations to be applied. (*Brick* v. *Cohn-Hall-Marx Co.,* 276 N. Y. 259; *Schmidt* v. *Merchants Desp. Transp. Co.,* 270 N. Y. 287; *McFarlane* v. *City of Niagara Falls,* 247 N. Y. 340; *Corash* v. *Texas Co.,* 264 App. Div. 292; *Loehr* v. *East Side Omnibus Corp.,* 259 App. Div. 200, 287 N. Y. 670; *Jones* v. *Boggs & Buhl,* 355 Pa. 242; *Greco* v. *Kresge Co.,* 277 N. Y. 26; *Bruce* v. *Fiss, Doerr & Carroll Horse Co.,* 47 App. Div. 273; *Razey* v. *Colt Co.,* 106 App. Div. 103; *Ellen* v. *Heacock,* 247 App. Div. 476.) III. This cause of action for personal injuries arising from a breach of warranty sounds in tort. (*Greco* v. *Kresge Co.,* 277 N. Y. 26; *Gimenez* v. *Great Atlantic & Pacific Tea Co.,* 264 N. Y. 390; *Buyers* v. *Buffalo Paint & Specialties,* 199 Misc. 764; *Smoler* v. *Hanscom Baking Corp.,* 156 Misc. 814; *Matter of Lyons* v. *Burtis,* 157 Misc. 325.)

*Thomas F. Frawley* and *William M. Blake, Jr.,* for appellant in second above-entitled action. I. Many grounds of actionable liability for personal injuries other than negligence have been alleged in the third and fourth causes of action. (*Dyer* v. *Broadway Central Bank,* 252 N. Y. 430; *Bresnihan* v. *United States Trust Co. of N. Y.,* 257 App. Div. 195; *Schmidt* v. *Merchants Desp. Transp. Co.,* 270 N. Y. 287; *Nasaba Corp.* v. *Harfred Realty Corp.,* 287 N. Y. 290; *Brundige* v. *Bradley,* 294 N. Y. 345; *Abrams* v. *Allen,* 297 N. Y. 52; *Denihan Enterprises* v. *O'Dwyer,* 302 N. Y. 451; *Pomerance* v. *Pomerance,* 301 N. Y. 254; *De Wald*

v. *Seidenberg,* 297 N. Y. 335.) II. Recovery can be sustained on the theory of nuisance. III. The acts of defendants in manufacturing and selling the suit violated the law. IV. The continued manufacture and sale of the suits, with intimate knowledge of the character of the pile used and that harm was bound to occur therefrom if one of the suits caught fire, after notice of many prior accidents which had caused injuries and in some instances deaths, constituted a failure to desist and willingness to accept all consequences and an " unreasonable interference " with the lives and bodies of the boys who wore the suits. (*McFarlane* v. *City of Niagara Falls,* 247 N. Y. 340; *Dixon* v. *New York Trap Rock Corp.,* 293 N. Y. 509.) V. Recovery can be sustained on the theories of willful and malicious misconduct. (*Moorefield* v. *Unemployment Compensation Bd. of Review,* 82 A. 2d 501 [Pa.]; *McFall* v. *Compagnie Maritime Belge,* 304 N. Y. 314.) VI. Recovery may be had on the theories of fraud, absolute liability and statutory liability. VII. Sections 48 and 49 of the Civil Practice Act, section 130 of the Decedent Estate Law and various decisions of the courts of this State recognize the distinction between negligence and the other forms of tort liability asserted in this action. (*Schmidt* v. *Merchants Desp. Transp. Co.,* 270 N. Y. 287; *Ultramares Corp.* v. *Touche, Niven & Co.,* 255 N. Y. 170; *Greco* v. *Kresge Co.,* 277 N. Y. 26; *McConnell* v. *Caribbean Petroleum Corp.,* 278 N. Y. 189.) VIII. Recovery may be had for punitive damages. (*Day* v. *Woodworth,* 13 How. [U. S.], 363; *Scott* v. *Donald,* 165 U. S. 58.)

*Thomas F. Frawley* and *William M. Blake, Jr.,* for respondent in first above-entitled action. I. Recovery may be had against defendant-appellant under the allegation of the first cause of action because of its breach of section 96 of the Personal Property Law. (*Gimenez* v. *Great Atlantic & Pacific Tea Co.,* 264 N. Y. 390; *McSpedon* v. *Kunz,* 271 N. Y. 131; *McConnell* v. *Caribbean Petroleum Corp.,* 278 N. Y. 189; *Chotapeg, Inc.,* v. *Bullowa,* 291 N. Y. 70; *Martin* v. *Herzog,* 228 N. Y. 164; *Koenig* v. *Patrick Constr. Co.,* 298 N. Y. 313; *Pollard* v. *Trivia Bldg. Co.,* 291 N. Y. 19; *Schmidt* v. *Merchants Desp. Transp. Co.,* 270 N. Y. 287; *Amberg* v. *Kinley,* 214 N. Y. 531; *Greco* v. *Kresge Co.,* 277 N. Y. 26; *Rinaldi* v. *Mohican Co.,* 225 N. Y. 70; *Chysky* v.

*Drake Bros. Co.,* 235 N. Y. 468; *McGrath* v. *Helena Rubinstein, Inc.,* 29 F. Supp. 822; *Ryan* v. *Progressive Grocery Stores,* 255 N. Y. 388; *Schram* v. *Cotton,* 281 N. Y. 499; *Coombes* v. *Getz,* 285 U. S. 434; *Liberty Mut. Ins. Co.* v. *Sheila-Lynn, Inc.,* 185 Misc. 689, 270 App. Div. 835; *McConnell* v. *Caribbean Petroleum Corp.,* 278 N. Y. 189.) II. There is no real issue of privity in this case. (*Pomerance* v. *Pomerance,* 301 N. Y. 254; *Latham* v. *Father Divine,* 299 N. Y. 22; *Hopkins* v. *Vita Food Products,* 297 N. Y. 546; *Joseph* v. *Schatzkin,* 259 N. Y. 241.) III. Recovery can be had because the suit was bought for the sole use of deceased. (*Mannsz* v. *Macwhyte Co.,* 155 F. 2d 445; *Boyce* v. *228th & Carpenter Ave. Holding Co.,* 295 N. Y. 575; *Ultramares Corp.* v. *Touche, Niven & Co.,* 255 N. Y. 170; *Glanzer* v. *Shepard,* 233 N. Y. 236; *Seaver* v. *Ransom,* 224 N. Y. 233; *De Cicco* v. *Schweizer,* 221 N. Y. 431; *Strong* v. *American Fence Constr. Co.,* 245 N. Y. 48; *Filardo* v. *Foley Bros.,* 297 N. Y. 217; *Wilson* v. *Costich Co.,* 231 App. Div. 346, 256 N. Y. 629; *Lawrence* v. *Fox,* 20 N. Y. 268.)

*Richards W. Hannah* and *Alan W. Craig* for McCrory Stores Corporation, respondent in second above-entitled action. I. The third cause of action of the amended complaint was properly dismissed since it sounds in negligence and is barred by the Statute of Limitations (Civ. Prac. Act, § 49). (*Matter of McKee* v. *White,* 218 App. Div. 300, 244 N. Y. 610; *Schmidt* v. *Merchants Desp. Transp. Co.,* 270 N. Y. 287; *McLean* v. *Triboro Coach Corp.,* 302 N. Y. 49; *Kavanagh* v. *Barber,* 131 N. Y. 211; *Herman* v. *City of Buffalo,* 214 N. Y. 316; *Ford* v. *Grand Union Co.,* 240 App. Div. 294; *McFarlane* v. *City of Niagara Falls,* 247 N. Y. 340.) II. The motion to amend the amended complaint by adding a fourth cause of action was properly denied. (*Stanford* v. *Cayuga Linen & Cotton Mills,* 255 App. Div. 928; *Hanna* v. *Mitchell,* 202 App. Div. 504, 235 N. Y. 534; *Horowitz* v. *Goodman,* 112 App. Div. 13; *Casassa* v. *Savarese,* 149 App. Div. 243; *Boronkay* v. *Robinson & Carpenter,* 247 N. Y. 365; *Ross* v. *Fida,* 265 App. Div. 586.)

*William F. McNulty* and *Michael A. Hayes* for M. A. Henry Co., Inc., respondent in second above-entitled action. I. Special Term properly held that plaintiff's third cause of action was

essentially one to recover for a personal injury resulting from negligence and, therefore, came squarely within the scope of subdivision 6 of section 49 of the Civil Practice Act. (*Mac-Pherson* v. *Buick Motor Co.*, 217 N. Y. 382; *Smith* v. *Peerless Glass Co.*, 259 N. Y. 292; *Genesee Co. Patrons Fire Relief Assn.* v. *Sonneborn Sons*, 263 N. Y. 463; *Crist* v. *Art Metal Works*, 230 App. Div. 114, 255 N. Y. 624; *Noone* v. *Fred Perlberg, Inc.*, 268 App. Div. 149, 294 N. Y. 680; *Delaney* v. *Philhern Realty Holding Corp.*, 280 N. Y. 461; *Beickert* v. *G. M. Laboratories*, 242 N. Y. 168.) II. Assuming that a recovery could be had under plaintiff's third cause of action, any nuisance established would be a nuisance resulting from negligence, which is also governed by the three-year Statute of Limitations. (*Delaney* v. *Philhern Realty Holding Corp.*, 280 N. Y. 461; *McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340; *Hayes* v. *Brooklyn Heights R. R. Co.*, 200 N. Y. 183; *Campbell* v. *Delaware Realty Co.*, 261 App. Div. 1037, 286 N. Y. 733; *Pine* v. *Waterbury Clock Co.*, 245 App. Div. 605; *Belmont* v. *City of New York*, 191 App. Div. 717.) III. Denial of plaintiff's cross motion for leave to serve a second amended complaint, adding a fourth cause of action for punitive damages, was proper. (*Raff* v. *Koster, Bial & Co.*, 38 App. Div. 336; *Kwiatkowski* v. *Lowry, Inc.*, 276 N. Y. 126.)

*Patrick E. Gibbons* for Woonsocket Falls Mill and others, respondents in second above-entitled action. I. The order dismissing the second and third causes of action as against defendants Woonsocket Falls Mill and E. F. Timme & Son was properly granted. (*Schmidt* v. *Merchants Desp. Transp. Co.*, 270 N. Y. 287; *Delaney* v. *Philhern Realty Holding Corp.*, 280 N. Y. 461; *Herman* v. *City of Buffalo*, 214 N. Y. 316; *McCormack* v. *Henry Co.*, 275 App. Div. 758; *New York Trap Rock Corp.* v. *Town of Clarkstown*, 299 N. Y. 77; *McNulty* v. *Ludwig & Co.*, 153 App. Div. 206; *McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340; *Cannon* v. *Cannon*, 287 N. Y. 425; *Gostkowski* v. *Roman Catholic Church*, 262 N. Y. 320; *Dempsey* v. *Virginia Dare Stores*, 186 S. W. 2d 217.) II. Plaintiff's motion to add a fourth cause of action was properly denied. (*Dippold* v. *Atlantic Mills of R. I.*, 146 Misc. 79, 241 App. Div. 780; *Hanna* v. *Mitchell*, 202 App. Div. 504, 235 N. Y. 534.)

DESMOND, J. Plaintiff sues as the administrator of his infant son, who, the complaint alleges, died on March 28, 1945, from burns he suffered on December 27, 1944, when a " cowboy suit " he was wearing came into contact with a flame, and ignited. This action was not commenced until March, 1948, more than three years after the accident, and the questions on this appeal are: Had any applicable Statute of Limitations, as to any cause of action or any defendant, run its course before such commencement? Damages are demanded, not for causing the boy's death, but for his pain and suffering before death, so we are in no way concerned with section 130 of the Decedent Estate Law, and its self-contained two-year time limitation.

The amended complaint says that defendant Henry was the manufacturer of the garment, that defendant Woonsocket furnished allegedly inflammable material of which part of the suit was made, that defendants comprising the Timme partnership were the selling agents for Woonsocket, and that defendant McCrory sold the suit to the infant's mother for the infant's use. Four causes of action are stated (the fourth by way of a motion made, and denied, below, to add a count to the amended complaint). Plaintiff now concedes that his second alleged cause of action is purely one in negligence, and that it was properly dismissed under the three-year limitation found in subdivision 6 of section 49 of the Civil Practice Act. As to the third cause of action in this amended complaint, we hold, without setting forth herein our analysis of its lengthy averments, that it, too, contains no more than an accusation that the defendants negligently caused the personal injuries, and so it, too, was properly dismissed as to all defendants, because not sued on within three years from its accrual. Also, we agree with the decisions below that the fourth count, which plaintiff attempted to put into a further amended complaint sounds, essentially and solely, in negligence, and was required to be dismissed, by reason of the same three-year limitation.

That leaves for consideration the first cause of action, for breach of an implied warranty of fitness for use (Personal Property Law, § 96, subd. 1), stated against the immediate vendor McCrory, alone. McCrory's motion to dismiss was on the theory that such a suit is in reality one in negligence, and so

should be governed by the three-year limitation. We think the motion was properly denied, and that the holding below was correct — that is, that, although such a breach of duty may rest upon, or be associated with, a tortious act, it is independent of negligence, and so such a cause of action gets the benefit of the six-year limit of subdivision 1 of section 48 of the Civil Practice Act, as being on an implied contract obligation or liability. There are no directly applicable decisions in this court, but there are at least two New York rulings (*Schlick* v. *New York Dugan Bros.*, 175 Misc. 182, and *Buyers* v. *Buffalo Paint & Specialties*, 199 Misc. 764) that, since the claims in such a suit on a breach of an implied warranty are, as those courts thought, essentially those of negligence, the three-year statute applies. Courts of other States, in substantially similar situations, have taken the opposite view (see *Challis* v. *Hartloff*, 136 Kan. 823, 825, 826; *Colonna* v. *Rosedale Dairy Co.*, 166 Va. 314, 324). Our own decisions tell us that, while an action for breach of a statutorily implied warranty of fitness may involve, incidentally, some showing of negligence, the contract breached is not merely one to use due care, but is a separate (implied) contract of guaranty that the goods are fit for the purpose for which they are sold and bought (*Rinaldi* v. *Mohican Co.*, 225 N. Y. 70; *Gimenez* v. *Great Atlantic & Pacific Tea Co.*, 264 N. Y. 390). Proof of negligence is unnecessary for recovery in such a suit (*Rinaldi* v. *Mohican Co.*, *supra*, p. 75; see *Deffebach* v. *Lansburgh & Bro.*, 150 F. 2d 591, certiorari denied 326 U. S. 772).

Precedents such as *Webber* v. *Herkimer & Mohawk St. R. R. Co.* (109 N. Y. 311), *Hermes* v. *Westchester Racing Assn.* (213 App. Div. 147), and *Loehr* v. *East Side Omnibus Corp.* (259 App. Div. 200, affd. 287 N. Y. 670) are not useful here. Those cases tell us that, where the wrong complained of is in truth negligence, and nothing else, the negligence suit time limitation cannot be escaped, and the contract limitation used, by means of allegation and proof of a contractual relationship between the parties, as where the plaintiff was a passenger on a common carrier when hurt, and sues on the contract of carriage. The particular reasoning of those cases applies only to instances where the alleged breach of contract is failure to use due care — in other words, negligence. Since the common-law duty and

the implied contractual obligation, in such situations, are one and the same, the suit, however labeled, is one in negligence, at least for time limitation purposes. Not so as to the first cause of action here, brought as it is on an alleged breach, independent of any negligence, of an implied warranty as to the condition of vended merchandise (see *Goetten* v. *Owl Drug Co.*, 6 Cal. 2d 683; *Schuler* v. *Union News,* 295 Mass. 350, 353; *Wadleigh* v. *Howson,* 88 N. H. 365).

The orders appealed from should be affirmed, without costs, and all questions certified answered in the affirmative.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DYE, FULD and FROESSEL, JJ., concur.

Orders affirmed, etc.