John F. LE GATE, Libelant-Appellant,

v.

THE PANAMOLGA, her engines, boilers, etc., and Compania Naviera Dalmatica, S. A., and Dalmore Corp., Respondents-Appellees.

No. 211, Docket 23316.

United States Court of Appeals Second Circuit.

Argued March 8, 1955.

Decided April 15, 1955.

**690**

Golenbock & Komoroff, New York City, for libelant-appellant; Donald S. Sherwood, Harvey B. Nachman, New York City of counsel.

Frederick H. Cunningham, New York City, for respondents-appellees; Victor S. Cichanowicz, Brooklyn, N. Y., of counsel.

Before MEDINA and HINCKS, Circuit Judges, and BURKE, District Judge.

BURKE, District Judge.

The suit herein was brought to recover damages for personal injuries which the libelant claims he sustained on October 16, 1950, while in the employment of Gulf Tide Stevedoring Co. as a longshoreman, while he was assisting in loading the S.S. Panamolga while the vessel was in the Port of Galveston, Texas. The libel was filed April 1, 1954, about three years and five months after the alleged injuries. The only process which was issued and served was in personam. Service was made on both respondents by serving Dalmore Corp., a New York corporation, personally and as agent for Compania Naviera Dalmatica, S. A., owner of the S.S. Panamolga.

Respondents excepted to the libel on the ground that the suit was barred by laches. The exception was sustained. An order was entered providing for dismissal of the libel unless an amended libel was filed and served which pleaded facts showing special circumstances excusing the delay. An amended libel was filed to which exception was again made and sustained. The libelant was given leave to file a second amended libel to explain the delay in filing suit. The respondents again excepted. The exception was sustained and the libel was dismissed with prejudice. The District Judge held that the libel was not filed until both the New York and the Texas limitation statutes, which would be applicable to similar civil actions, had run. The question presented is whether the District Judge was right in requiring the libelant to show special circumstances excusing the delay in filing suit.

Since the action was brought in a district court in New York, the limitation statutes to be referred to by analogy are those of New York. Redman v. United States, 2 Cir., 176 F.2d 713; Schiavone-Bonomo Corp. v. Buffalo Barge Towing Corp., 2 Cir., 132 F.2d 766; Hughes v. Roosevelt, 2 Cir., 107 F.2d 901. If the analogous statutes of limitations had run, the libelant was properly required to show special circumstances excusing the delay in filing suit. Reconstruction Finance Corp. v. Harrisons & Crosfield, 2 Cir., 204 F.2d 366, 37 A.L.R. 2d 1117; Redman v. United States, supra.

Under Section 13 of the New York Civil Practice Act a suit by a nonresident of New York on a cause of action arising without the state is barred if either the New York statute or the statute of the state where the cause of action accrued, has run. Smalley v. Hutcheon, 296 N.Y. 68, 70 N.E.2d 161. The libelant's claim for recovery is based upon both negligence and unseaworthiness of the vessel. The claim based upon negligence may not be barred under the Texas statute, because of the absence of the respondents from Texas. Vernon's Texas Ann.Civ.Statutes, Art. 5537. But Section 49(6) of the New York Civil Practice Act, which provides that an action to recover damages for a personal injury resulting from negligence must be commenced within three years after the cause of action has accrued, has definitely run. In so far as the claim is based upon negligence the District Judge properly placed the burden on the libelant to show facts excusing the delay, and if negligence were the only basis of the liability asserted, since the libelant failed to show special circumstances excusing the delay the claim would be barred.

■ Other considerations are pertinent in so far as the claim is based upon unseaworthiness. The libelant argues that the obligation to provide a seaworthy vessel is contractual and therefore the analogous statute to be referred to in determining the application of laches in an admiralty suit for damages based on a claim of unseaworthiness is the statute of limitations for breach of contract. Section 48(1) C.P.A. requires that an action upon a contract obligation or liability, express or implied, must be commenced within six years after the cause of action has accrued. We need not for present purposes explore the niceties of the question whether a claim of liability based upon unseaworthiness arises out of a contract obligation or whether it is derived from the concept of negligence. See Dixon v. United States, 2 Cir., 1955, 219 F.2d 10. "The origins are perhaps unascertainable." Seas Shipping Co. v. Sieracki, 328 U.S. 85, 91, 66 S.Ct. 872, 875, 90 L.Ed. 1099. A claim for recovery based on breach of warranty of seaworthiness is not the same as one based on negligence. "The warranty of seaworthiness is a species of liability without fault. The Osceola, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760; Seas Shipping Co. v. Sieracki, 328 U.S. 85, 90–94, 66 S.Ct. 872, 875–877, 90 L.Ed. 1099." Boudoin v. Lykes Bros. S. S. Co., 1955, 75 S.Ct. 382, 384.

In Blessington v. McCrory Stores Corp., 305 N.Y. 140, 111 N.E.2d 421, 37 A.L.R.2d 698, an administrator whose intestate died as the result of injuries suffered when his clothing burned, sued the retailer for breach of an implied warranty of fitness for use of the clothing. The suit was for pain and suffering before death. On motion to dismiss because the suit was in reality one in negligence, and so should be governed by the three-year limitation, the lower court denied the motion, properly, the New York Court of Appeals held, saying, 305 N.Y. at page 147, 111 N.E.2d at page 422, " * * * although such a breach of duty may rest upon, or be associated with, a tortious act, it is independent of negligence, and so such a cause of action gets the benefit of the six-year limit of subdivision 1 of section 48 of the Civil Practice Act, as being on an implied contract obligation or liability." The Court placed its ruling in part on the ground that proof of negligence is unnecessary for recovery in such a suit. This we take as suggestive that the New York Court of Appeals would not consider a claim based upon unseaworthiness as governed by the three-year negligence statute.

■ Section 48, C.P.A. deals with actions which must be commenced within six years after the cause of action has accrued. Subdivision 3 thereof reads "An action to recover damages for a personal injury, except in a case where a different period is expressly prescribed in this article." The only other express provision for a personal injury action is Section 49(6) relating to actions based on negligence. We hold therefore that as to the claim based on unseaworthiness the six-year statute, Section 48(3), C.P.A. is the analogous statute which should be considered in determining laches.

■■ We are not disposed however to mechanically apply the analogous state statutes of limitations without regard to the equities. See Gardner v. Panama Railroad Co., 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31. A rigid application would call for affirmance of the judgment in so far as it disposed of the claim based on negligence. Since we must reverse for the error in dismissing the claim based on unseaworthiness we think it would be a harsh result to permit the suit to continue and at the same time limit its scope. Accordingly we reverse the judgment appealed from. We remand the case to the District Court with a direction to reconsider the question of laches, placing the burden on the respondents to show inexcusable delay in filing the suit with resulting prejudice to the respondents.

Reversed and remanded for further proceedings in accordance with this opinion.