Philip M. Kleinfeld, J.
Plaintiff’s motion to strike defense that the court has no jurisdiction of the subject matter granted. Defendant’s cross motion to dismiss the complaint on the same ground denied.
The complaint pleads a cause of action for breach of implied warranty of fitness for use pursuant to section 96 of the Personal Property Law. Defendant contends that this is an action “ sounding in tort ”. Section 1306-a of the Public Authorities Law grants to the Court of Claims exclusive jurisdiction of all actions against the defendant “ sounding in tort ”.
In considering a similar complaint for the purpose of determining which Statute of Limitations was applicable, the Court of Appeals held that while such an action ‘ ‘ may involve, incidentally, some showing of negligence, the contract breached is not merely one to use due care, but is a separate (implied) contract of guaranty ”. (Blessington v. McCrory Stores Corp., 305 N. Y. 140, 147.)
Greco v. Kresge Co. (277 N. Y. 26) cited by defendant, does not hold to the contrary. The Court of Appeals there determined that the breach of implied warranty of fitness for use was a “ wrongful act” within the provisions of section 130 of the Decedent Estate Law. The court said, ‘ ‘ Though the action may be brought solely for the breach of the implied warranty, the breach is a wrongful act, a default, and, in its essential nature, a tort”. In the sense of “ essential nature ” any breach of contract may be said to be tortious. Section 1306-a of the Public Authorities Law cannot be construed to include such breaches in the phrase “ sounding in tort ”.
Settle order on notice.