Fred A. FERNER, Libellant,

v.

BETHLEHEM STEEL CORPORATION
and Boland & Cornelius,
Respondents.

No. 2296.

United States District Court
W. D. New York.

Jan. 13, 1960.

Jaeckle, Fleischmann, Kelly, Swart and Augspurger, Buffalo, N. Y., for libellant.

Coffey, Heffernan & Harrison, Buffalo, N. Y., for respondents.

HENDERSON, District Judge.

Respondents have applied for summary judgment dismissing the libel herein on the ground of laches and the statute of limitations.

This is a suit in admiralty for maintenance and cure and for damages for injuries allegedly caused by the unseaworthiness of the respondent Bethlehem Steel Corporation's vessel. Libellant has stated in his brief on this motion that the action is in no way founded on the Jones Act, 41 Stat. 1007 (1920), 46 U. S.C. § 688 (1958), 46 U.S.C.A. § 688. The court therefore views allegations of negligence in the libel as specifications of the claim for damages for personal injuries resulting from the unseaworthiness of the vessel.

The claim for maintenance and cure is a contract claim. It is not at issue on this motion.

The question remaining is whether the claim for damages for injuries resulting from alleged unseaworthiness of the vessel is barred by either a statute of limitations or the doctrine of laches.

There is no fixed statute of limitations for admiralty suits for damages arising out of the unseaworthiness of a vessel. The courts, in the absence of such a statute, apply the doctrine of laches in determining whether or not such an action is barred. In applying this doctrine, federal courts look to the analogous statute of limitations of the state wherein they sit, not as binding rules but as guides in their determination whether the bar of laches has fallen in a given case. If the period of the state statute has run, the burden rests on the party asserting that laches has

not arisen to establish his position to the satisfaction of the court. On the other hand, if the state statute has not expired, the burden rests with the party asserting the bar of laches. Loverich v. Warner Co., 3 Cir., 1941, 118 F.2d 690, certiorari denied 1941, 313 U.S. 577, 61 S.Ct. 1104, 85 L.Ed. 1535; Redman v. United States, 2 Cir., 1949, 176 F.2d 713; Le Gate v. The Panamolga, 2 Cir., 1955, 221 F.2d 689; Oroz v. American President Lines, Ltd., 2 Cir., 1958, 259 F.2d 636, certiorari denied 1959, 359 U.S. 908, 79 S.Ct. 584, 3 L.Ed.2d 572.

For federal courts sitting in trials in the State of New York, the analogous state statute to be consulted is the New York Civil Practice Act, § 48, subd. 1, which requires contract actions to be brought within six years after the cause of action has accrued. This was established by Le Gate v. The Panamolga, supra, which reached this conclusion by applying New York State law. Respondents have argued that the Le Gate decision was overruled by Oroz v. American President Lines, Ltd., supra, which applied the New Jersey *tort* statute of limitations. However, inspection of the latter decision indicates that the different result obtained because a different state's law was there involved. The authority of the Le Gate decision for federal courts sitting in New York is not impaired.

The respondent has not established that there has been undue delay by the libellant or undue prejudice to the respondents resulting therefrom. The libellant was injured on April 19, 1953. Although he consulted physicians periodically, the nature of his injuries was not discovered until February, 1957, when a laminotomy was performed. Under all the circumstances, it is the conclusion of this court that the libel was timely commenced and that the bar of laches has not arisen.

The respondent's motion is denied. It is so ordered.