■ C. K. S., Inc., Plaintiff, v. Helen Borgenicht Sportswear, Inc., Defendant and Third-Party Plaintiff-Respondent-Appellant. George H. Breuer Co., Inc., Third-Party Defendant-Respondent; Hamilton Adams Imports, Ltd., Third-Party Defendant-Appellant-Respondent.— Order and judgment unanimously affirmed, with $50 costs to the third-party defendant-respondent. No opinion. Order, entered January 7, 1964, unanimously reversed, on the law, with $30 costs and disbursements to the third-party defendant-appellant-respondent, and the motion of third-party defendant-appellant-respondent to dismiss the third-party complaint granted, with $10 costs. The action against third-party defendant-appellant-respondent was commenced by service of a summons and complaint November 15, 1963. The third-party complaint alleges that the third-party defendant-appellant-respondent in 1956, sold cloth to third-party plaintiff which was not of a merchantable quality and unfit for its intended use. Third-party plaintiff attempts to spell out a cause of action for possible future indemnity and a cause of action for breach of warranty. The only cause of action which plaintiff may assert upon the factual situation here presented is one for breach of warranty. As such the action is subject to the six-year Statute of Limitations and is clearly barred (CPLR 213, subd. 2; *Liberty Mut. Ins. Co.* v. *Sheila-Lynn, Inc.,* 185 Misc. 689, affd. 270 App. Div. 835; *Schwartz* v. *Heyden Chem. Corp.,* 12 N Y 2d 212, 215). In light of the foregoing disposition the appeal of the defendant and third-party plaintiff-respondent-appellant is dismissed. Concur — Valente, J. P., McNally, Stevens, Eager and Witmer, JJ.

■ The People of the State of New York, Respondent, v. Albert Livingston, Appellant.— Judgment of conviction for the crime of burglary in the second degree (Penal Law, § 403) based upon a verdict after a jury trial unanimously affirmed. The sworn testimony does not establish that defendant was deprived of his right to counsel. The uncontradicted evidence is that his interrogation ceased when he asked for counsel. Consequently, the rule in *People* v. *Donovan* (13 N Y 2d 148) does not apply. Nor does that stated in *Escobedo* v. *Illinois* (378 U. S. 478). Nor may defendant, as he purports to do in his reply brief, raise the newly derived constitutional requirement with respect to the submission of the voluntariness of confessions to a separate tribunal from that which determines the merits of the case (*Jackson* v. *Denno,* 378 U. S. 368). There was no claim of coercion with respect to the confessions in this case and on summation defendant expressly disavowed that as an issue. On the merits the court is satisfied that the proof establishes defendant's guilt beyond a reasonable doubt. The insufficiently explained possession of the stolen camera, buttressed by the confessions, was adequate to establish guilt. Concur — Botein, P. J., Breitel, Rabin, Steuer and Witmer, JJ.