Biohabd J. Cabdamone, J.
This motion is made by the defendant to dismiss the plaintiffs’ complaint pursuant to CPLB 3211 on the ground that the causes of action alleged in the plaintiffs’ complaint are barred by the Statute of Limitations.
The defendant, D. W. Winkelman Company, Inc. (hereinafter called Winkelman) was awarded a contract by the State of New York for the construction of a portion of State Fair Boulevard in Syracuse, New York. In its construction activities between May, 1958 and June, 1959, the plaintiffs allege that Winkelman used a hammer and ball operation for the purpose of breaking up pre-existing pavement, which caused vibration and earth tremors. The plaintiffs, neighboring landowners, who operate a restaurant located at 504 State Fair Blvd., known as D ’Amico’s claim they suffered property damage to their restaurant because the building cracked following the vibration and tremors. They also allege that they .suffered loss of business.
The plaintiffs set forth in their complaint five separate causes of action. The first cause alleges a breach of contract under which the plaintiffs claim to be third-party beneficiaries of an agreement between Winkelman and the State of New York. The second cause sets forth an action in trespass alleging that the Winkelman machinery was over and adjacent to the plaintiffs’ premises without the plaintiffs’ authority. The third cause alleges acts of the defendant resulted in elevating the level of the highway causing surface waters to back up and be cast upon plaintiffs’ property constituting a nuisance. The fourth cause alleges all of the previous facts and claims that these acts constituted negligence on the part of the defendant. Finally, in the fifth cause of action, it is alleged that the plaintiffs’ premises became filled and clogged with debris as a result of defendant’s activity, which the plaintiffs claim cut off access to their place of business and constituted a nuisance. The plaintiffs demand $40,000 in damages for injury to their property.
The defendant, in its answer to each of the plaintiffs’ causes of action alleges that the complaint was served more than three years after the accrual of the causes of action, if any, and that pursuant to CPLB 214 (subdi 4) which provides for a three-year Statute of Limitations for damage to property, the action cannot be maintained.
The contract between Winkelman and the State of New York was dated October 11, 1956, and incorporates by reference the proposal and Public Works specifications contained in the inf or *207 mation for bidders, which is part of the contract. At page 4 thereof, under “ Damages ” it is provided: “ All damage, direct or indirect, of whatever nature resulting from the performance of the work or resulting to the work during its progress from whatever cause, including omissions and supervisory acts of the State, shall be borne and sustained by the Contractor, and all work shall be solely at his risk until it has been finally inspected and accepted by the State. The Contractor, however, shall not be responsible for damages resulting from faulty designs as shown by the plans and specifications nor the damages resulting from wilful acts of Department officials or employees, and nothing in this paragraph or in this contract shall create or give to third parties any claim or right of action against the Contractor or the State beyond such as may legally exist irrespective of this paragraph or contract ”.
The plaintiffs brought an action in the Court of Claims arising out of the same facts as presented here. The claim in that court was dismissed on April 13,1964. Winlcelman defended the action in the Court of Claims as it was required under the contract to indemnify and to save harmless the State from any suit, action or damages, resulting from the prosecution of the work under the contract.
On April 23, 1964, the summons in this Supreme Court action was served. The complaint was served September 4,1964. The alleged damage to the plaintiffs’ property as a result of defendant’s activity occurred no later than June 1, 1959, since on that date Winkelman had completed its construction work on State Pair Blvd.
An action to recover damages for an injury to property must be commenced within three years (CPLB 214, subd. 4). An action upon a contractual obligation, express or implied, must be commenced within six years (CPLB 213, subd. 2).
In Schmidt v. Merchants Desp. Transp. Co. (270 N. Y. 287, 300 [1936]) it was held: “ There can be no doubt that a cause of action accrues' only when forces wrongfully put in motion produce injury”. The provisions of former Civil Practice Act (§ 49, subd. 7) (in effect at the time of this injury to plaintiffs’ property) required an action to recover damages for an injury to property to be commenced within three years. Thus, those causes of action set forth in plaintiffs’ complaint based on negligence, trespass and nuisance must be dismissed since more than three years has elapsed from the date of the injury to plaintiffs’ property (June, 1959) to the commencement of this action (April, 1963). (Schwartz v. Heyden Chem. Corp., 12 N Y 2d 212 [1963]; Lorberblatt v. Gerst, 10 N Y 2d 244 [1961].)
*208 The first cause of action in which plaintiffs claim to be Lawrence v. Fox (20 N. Y. 268) third-party beneficiaries of the contract between the State and the defendant, Winkelman, remains to be considered. If the contractual obligations here add nothing to defendant’s ordinary common-law duty of due care, then the three-year statute will govern; if a greater duty is imposed as a result of the contract, then, the six-year statute will be applied, even though the breach of that duty may rest upon a tortious act. (Blessington v. McCrory Stores Corp., 305 N. Y. 140, 147-148 [1953].) Where the agreement contains an unqualified promise, a cause of action in favor of the third-party beneficiary for its breach, regardless of negligence, may be instituted and maintained under the six-year contractual limitation (CPLR 213, subd. 2; Coley v. Cohen, 289 N. Y. 365, 371 [1942]; Christoff v. A. E. Petrossi, Inc., 11 A D 2d 624 [4th Dept., 1960]).
Where the language of a lease expressly exempted a landlord from liability unless the damage was due to his negligence, in barring the action under the three-year statute, the court held that the test for determining what Statute of Limitations applies is: “ what is the ‘ essence of the action ’ not ‘ its mere name ’ ” (Alyssa Originals v. Finkelstein, 22 A D 2d 701 [2d Dept., 1964]). Here the express language of the contract between the State and Winkelman clearly indicated that no independent, separate, unqualified or greater duty was imposed on defendant creating a right of action beyond the existing one for ordinary negligence. While the plaintiffs may elect to proceed on either a breach of contract theory or in tort, the court, at least insofar as limitations of time are concerned, subordinates the form of the pleadings to the essence of the right of recovery (Atlas Assur. Co. Ltd. v. Barry Tire & Serv. Co., 3 A D 2d 787 [3d Dept., 1957]). Thus, in cases involving damage to property where the essentials of recovery are predicated on a tort, the shorter (three-year) statute will be applied even though plaintiff pleads and can prove that the duty breached arose in contract (Klein v. Parke-Bernet Galleries, 21 A D 2d 772 [1st Dept., 1964]; Grossman v. Janette H. Corp., 18 A D 2d 982 [1st Dept., 1963], affd. 14 N Y 2d 852 [1964]).
Hence, plaintiffs’ first cause of action is also barred by the three-year Statute of Limitations (CPLB 214, subd. 4). The defendant’s motion to dismiss is granted (CPLB 3211, subd. [a], par. 5).