J oseph F. Falco, J.
This is a motion for judgment dismissing the plaintiffs’ complaint pursuant to CPLR 3211 (subd. [a], par. 5) upon the grounds that the action is barred by the Statute of Limitations. In addition to the oral argument, both plaintiffs and defendants submitted memoranda of law.
Defendants contend that the injuries to one of the plaintiffs complained of were alleged to have happened on July 24, 1965 and that a summons and complaint were served on the defendants on December 5, 1968, some three years and five months later. Defendants further contend that CPLR 214 (subd. 5) provides that an action to recover damages for personal injuries must be commenced within three years.
The plaintiffs contend that this is not an action for personal injuries based on the negligence of the defendants which would, be barred by the three-year statute but an action based on an implied warranty of fitness for use which is governed by CPLR 213 (subd. 2) and subdivision (1) of section 2-725 of the TJniform Commercial Code, a four-year Statute of Limitations.
*890 The plaintiffs in their complaint state that on April 7, 1965 they purchased from the defendant Sears, Roebuck and Company a certain Dripolator coffee maker made by the Corning Glass Works. They contend further that when this contract of sale was entered into there was an implied warranty from the defendants to the plaintiffs that the coffee maker was fit for the purpose for which it was to be used (boil water to make coffee) and that the plaintiffs relied on the warranty when entering into the contract of sale; that on July 24,1965 while one of the plaintiffs was making coffee a seal broke on the Dripolator causing boiling water to fall on plaintiff’s leg causing personal injuries; that, further, the defendants were given due notice of this breach of warranty and that suit was commenced by the service of a summons and complaint on December 5, 1968.
The test for determining which Statute of Limitations is applicable in a given situation is the “ essence ” of the action, not its 1 ‘ mere name. ’ ’ (King v. King, 13 A D 2d 437).
This court believes the rule in this State is clearly laid down in the case of Blessington v. McCrory Stores Corp., (305 N. Y. 140, 147): “ while an action for breach of a statutorily implied warranty of fitness may involve, incidentally, some showing of negligence, the contract breached is not merely one to use due care, but is a separate (implied) contract of guarantee that the goods are fit for the purpose for which they are sold and bought * * * Proof of negligence is unnecessary for recovery in such a suit ”. (See, also, Konar v. Monro Muffler Shops of Rochester, 28 A D 2d 642; Rinaldi v. Mohican Co., 225 N. Y. 70.)
Defendants’ cited case of D’Amico v. Winkelman (51 Misc 2d 205, 208) this court thinks distinguishes itself from Blessington by its use of the following language: “ If the contractual obligations here add nothing to defendant’s ordinary common-law duty of due care, then the three-year statute will govern; if a greater duty is imposed as a result of the contract, then, the six-year statute will be applied, even though the breach of that duty may rest upon a tortious act.”
This court concludes that the “ essence ” of this case is breach of contract. Plaintiffs would be hard put to find a negligent act on the part of a manufacturer or distributor on a certain single product produced on a modern assembly line. Section 1-102 of the Uniform Commercial Code indicates that the Uniform Commercial Code shall be liberally construed to promote its purposes, including the modernization of the law governing commercial transactions. To permit otherwise the warranties of . all manufacturers would be mere paper words with plaintiffs having to prove negligence in every case. Modern commercial transactions *891 in this day and age are too complicated to require negligence to be proved even though negligence does exist.
Commercial reasonableness demands that the four-year Statute of Limitations is applicable to breach of warranty regarding the sale of the goods in this case. Motion of the defendants is hereby denied.