Breitel, J. (dissenting).
The issues in this case are whether a cause of action in so-called strict liability for an unreasonably dangerous condition in a defective product sounds in contract for breach of warranty or in tort, and whether the applicable Statute of Limitations runs from the sale and delivery of the defective product or the date of the injury to the plaintiff.
If there were no distorting history to the problem it would be difficult to conceive of an argument that the remedy is in contract, or some hybrid of contract, 'or that the Statute of Limitations should run from the time of the contractual transaction between privies with which the injured plaintiff had had no relationship. The minimal definition, or denotation rather, of a tort is a wrong committed between persons not in contractual relationship or at least not dependent upon the contract (see Prosser, Torts [3d ed.], § 1). For most torts, there is no cause of action until injury occurs (Schmidt v. Merchants Desp. Trans. Co., 270 N. Y. 287, 299-301; Restatement, Torts, § 899, Comment c, p. 525). This has always been true for torts which arose in “ action on the case ” (14 C. J. S., Case, Action on, §§ 1, 2). Hence, it is all but unthinkable that a person should be time-barred from prosecuting a cause of action before he ever had one. In those torts which give rise to a cause of action even without or before palpable damage, the limitations run from the commission of the wrong but there is also instanter a cause of action *347 accurued as in libel, trespass, and the like (CPLR 203, subd. [a]; 214, subds. 3-6, 215, subd. 3; cf. CPLR 213, subd. 9).
But the history of strict liability in the product area followed a tortuous path (see, generally, Prosser, The Fall of the Citadel [Strict Liability to the Consumer], 50 Minn. L. Rev. 791, 800-805). The scope of liability for personal injuries and property damage, first in negligence and most recently in strict product liability, has developed beyond the parties in contractual privity, without an accompanying development in analysis or terminology beyond that of warranty, third-party beneficiaries, and privity. In consequence, contract and tort law have been confused. From this comes the paradox that there can be no strict liability without “ warranty ” (albeit warranty without privity makes no sense in contract law) and strict liability is to be determined to some extent by "warranty" law, that is, contract law. (See, generally, Prosser, Torts [3d ed.], supra, § 97; Restatement, 2d, Torts, § 402A, comments, b, m.)
The worst of the confusion is that neither theory nor practical consequences can make a sufficient distinction between negligence and strict liability in the analysis of the pleading or Statute of Limitations problem. It sounds horrendous to say that one may be sued 10, 20 or 40 years after a ‘ ‘ breach of warranty ’ ’ resulting in personal injuries or property damage, although that is precisely the possibility in negligence. So, too, in fraud the statute is tolled until discovery which may occur indefinitely later (CPLR 213, subd. 9). (See, also, for the limited exception in medical malpractice, Flanagan v. Mt. Eden Gen. Hosp., 24 N Y 2d 427.)
Taking the pleading allegations as true plaintiff wife sustained serious personal injuries in 1965 as a result of the defective manufacture and installation of doors sold and installed by defendant Pittsburgh Plate Glass Company in 1958, to and for the Central Trust Company, in Rochester, New York.
Treated as a claim in contract, albeit without privity between plaintiff wife and Pittsburgh Plate, the wife’s cause of action for breach of warranty accrued in 1958 and, applying the contract Statute of Limitations, the limitations did not run out until 1964, some six years later (CPLR 203, subd. [a]; 213, subd. 2). Of course, plaintiff wife could never have sued because none *348 doubts that she had no cause of action until she was injured one year after the contractual Statute of Limitations expired.
Treated as a tort, the Statute of Limitations would be for but three years and would not start to run until plaintiff wife had been injured in 1965 (CPLR 203, subd. [a]; 214, subd. 5). The statute would run only when and while she had a cause of action.
Restatement, the text writers, and some courts recently have recognized that strict liability is based in tort and not in contract (e.g., Restatement 2d, Torts, § 402A, Comment m; see, generally, Prosser, The Assault Upon the Citadel [Strict Liability to the Consumer], 69 Yale L. J. 1099, 1134; Wade, Strict Tort Liability of Manufacturers, 19 Sw. L. J. 5; Lascher, Strict Liability in Tort for Defective Products, 38 So. Cal. L. Rev. 30, 46-47; Greenman v. Yuba Power Prods., 59 Cal. 2d 57, 63).
Indeed, this court in Goldberg v. Kollsman Instrument Corp. (12 N Y 2d 432, 436) said, unequivocally: “ A breach of warranty, it is now clear, is not only a violation of the sales contract out of which the warranty arises but is a tortious wrong suable by a noncontracting party whose use of the warranted article is within the reasonable contemplation of the vendor or manufacturer.” To be sure, before this, and while the confusion between warranty and strict liability prevailed, this court had also applied strictly contractual terminology and contractual statutes of limitations to what were not yet recognized as developments in strict liability in tort (Blessington v. McCrory Stores Corp., 305 N. Y. 140). Significantly, in the Blessington case, the contract limitations was applied to permit the plaintiff to sue after the tort Statute of Limitations had run its course. The existence of a cause of action in contract, however, does not diminish of preclude any other remedy an injured person may have against the manufacturer or supplier resulting from acts constituting the breach of the contractual warranty obligation.
Thus far there have been few applicable precedents. In the first place, strict liability in tort is itself a new doctrine although it has swept the nation in extraordinarily rapid fashion (see, generally, 2 [supp.] Harper and James, Law of Torts, p. 238; 2 Frumer and Friedman, Products Liability, § 16A, par. [3]). Secondly, in the nature of most things but not all, the injury-causing defect appears early enough within whatever limitations period is applied. Nevertheless, when the issue has been fully *349 presented in the latter-days of the doctrine’s development, there has been little hesitation in applying tort theory to what is unmistakably a tort and not a contract breach.
After considerable debate and consideration in the American Law Institute, with every possible view represented, that body concluded that strict liability in the area of product distribution is purely one in tort and not in any way in contract. Thus, the Restatement now states: “ ‘ Warranty.’ The liability stated in this Section does not rest upon negligence. It is strict liability * * * The basis of liability is purely one of tort. A number of courts, seeking a theoretical basis for the liability, have resorted to a ‘ warranty,’ either running with the goods sold, by analogy to covenants running with the land, or made directly to the consumer without contract. In some instances this theory has proved to be an unfortunate one. Although warranty was in its origin a matter of tort liability, and it is generally agreed that a tort action will still lie for its breach, it has become so identified in practice with a contract of sale between the plaintiff and the defendant that the warranty theory has become something of an obstacle to the recognition of the strict liability where there is no such contract. There is nothing in this Section which would prevent any court from treating the rule stated as a matter of ‘warranty ’ to the user or consumer. But if this is done, it should be recognized and understood that the ‘ warranty ’ is a very different kind of warranty from those usually found in the sale of goods, and that it is not subject to the various contract rules which have grown up to surround such sales.” (Restatement, 2d, Torts, § 402A, Comment m.)
In 1968, the Supreme Court of New Jersey, in a thoughtful and considered opinion by Mr. Justice Jacobs, elaborated upon the analytical and policy issues involved in applying a Statute of Limitations to strict product liability (Rosenau v. City of New Brunswick, 51 N. J. 130). It concluded, in a property damage case involving water meters causing damage 14 years after installation and 22 years after sale, that tort and not contract limitations applied, and that, therefore, the cause of action accrued from the date of injury. The New Jersey court, too, had the problem of disassociating itself from breach of warranty language and analysis found in its earlier holding imposing strict liability (Henningsen v. Bloomfield Motors, 32 N. J. 358). *350 Notably, in the Rosenau case, it reversed the holding of the lower appellate court which had concluded that, if the wrong was treated as a tort for purposes of limitations, the chance user might have a remedy although the purchaser similarly injured would be time-barred (93 N. J. Super. 49). The reversed court assumed, obviously, that the purchaser because of his contract would be precluded from pursuing an alternative remedy in tort accruing only from the time of injury, although it is not altogether clear that that is so (see, e.g., Durant v. Grange Silo Co., 12 A D 2d 694; and comments earlier with respect to the Blessington case [305 N. Y. 140, supra]).
This year, the Supreme Court of Wisconsin held that a cause of action in tort, based on strict liability, does not accrue until the date of injury (Holifield v. Setco Ind., 42 Wis. 2d 750). Involved was an action for personal injury and wrongful death sustained by an operator of a grinding machine which exploded. The court, noting that an element of ‘ ‘ strict products liability ’ ’ is injury or damages, stated: ‘ ‘ Until such date of injury all essential elements of a cause of action * * * [are] not present ” (id., p. 755).
Only last May, the Supreme Court of Illinois applying tort principles to the exclusion of contract warranty analysis to a strict product liability case, held that the tort Statute of Limitations controlled and ran only from the time of injury (Williams v. Brown Mfg. Co., Sup. Ct., Ill., May, 1969).
In this State, at least one court at nisi prius reached a similar result (Wilsey v. Mulkey Co., 56 Misc 2d 480; cf. Bort v. Sears, Roebuck & Co., 58 Misc 2d 889). Of course, Special Term in the instant case held to the contrary (see, however, McLaughlin, 1969 Supp. Prac. Comm., McKinney’s Cons. Laws of N. Y., Book 7B, Part 1, CPLR 1-500,1969 Pocket Part, pp. 73-74, characterizing as a “ legal curio ” and “ anomalous ” the holding that a plaintiff may be barred even before he is injured). In California, intermediate appellate courts have applied the tort Statute of Limitations from the time of injury (Howe v. Pioneer Mfg. Co., 262 Cal. App. 2d 330, 338-340; Rodibaugh v. Caterpillar Tractor Co., 225 Cal. App. 2d 570, 571-573).
Turning briefly to policy considerations, there is no serious impediment to applying the correct analysis to strict liability as a tort and only as a tort. In negligence law a cause of action *351 accrues only upon injury regardless of when the breach of duty occurred. For practical reasons there are not too many actions based upon breaches of duty occurring in the remote past (see, however, Durant v. Grange Silo Co., 12 A D 2d 694, supra). Indeed, in this case, defendant Pittsburgh Plate does not attack as time-barred the negligence causes of action.
To the argument that a plaintiff has a greater burden of proof in negligence than in strict liability, the answer is that this argument was always addressed to claims in strict liability but was disregarded (eventually) because injured plaintiffs were in no position to prove lack of care on the part of manufacturers and suppliers putting dangerously defective products into circulation (cf. Keeton, Products Liability-Problems Pertaining to Proof of Negligence, 19 Sw. L. J. 26). In any event, in either negligence or strict liability plaintiff must prove the defect and proximate cause of the injuries (e.g. Kerr v. Corning Glass Works, 169 N. W. 2d 587 [Minn., 1969]; see, generally, Prosser, The Fall of the Citadel [Strict Liability to the Consumer], 50 Minn. L. Rev. supra, pp. 840-848; see, also, Caruth v. Mariani, 458 P. 2d 371 [Ariz., 1969]). And the passage of time has the effect of making quite difficult the proof that the defect was due to the manufacturer rather than to circumstances, passage of time, users, and repairers of the product since sale and delivery. In short, strict liability is not absolute liability and the burden of proof is heavy rather than light, despite the equivocal terminology, namely, ‘ ‘ strict ’ ’ liability. As a matter of fact, even contributory negligence is a defense, a doubtful and analytically irrelevant concept in contract warranty law (e.g. Williams v. Brown Mfg. Co., supra [Ill., 1969]; Maiorino v. Weco Prods. Co., 45 N. J. 570; Restatement, Torts, 2d § 402A, Comment n; Prosser, Torts [3d ed.], supra, § 95, p. 656; § 97, p. 684).
As for the Uniform Commercial Code, it is all but irrelevant to the problem at hand. In the first place, the code, even with its annual review and updating by an editorial review board, reflects the thinking of a few years ago, and the cases have already gone beyond that thinking in tort law as distinguished from sales law. Secondly, section 2-318 of the code is purposely drafted to describe the high water mark of contract warranty liability to third-party beneficiaries and even then not to limit the scope of *352 liability in contract warranty law, let alone in tort law. In short, the code does not purport to provide an exclusive remedy but is confined to that in warranty in the correct sense of that term. This appears from the official comments to that section, the practice commentary, and the New York Annotations (see such materials set forth in McKinney’s Cons. Laws of N. Y., Book 621/2, [1964 ed.], at pp. 315-317).
Finally, Restatement makes clear from the plethora of authorities that a cause of action in strict liability sounds in tort and therefore is not governed by the rules of commercial law or the Uniform Commercial Code. Thus, in Comment m to section 402A, it is stated: “The rule stated in this Section is not governed by the provisions of the Uniform Sales Act, or those of the Uniform Commercial Code, as to warranties; and it is not affected by limitations on the scope and content of warranties, or by limitation to ‘ buyer ’ and ‘ seller ’ in those statutes. Nor is the consumer required to give notice to the seller of his injury within a reasonable time after it occurs, as is provided by the Uniform Act. The consumer’s cause of action does not depend upon the validity of his contract with the person from whom he acquires the product, and it is not affected by any disclaimer or other agreement, whether it be between the seller and his immediate buyer, or attached to and accompanying the product into the consumer’s hands. In short, ‘ warranty ’ must be given a new and different meaning if it is used in connection with this Section. It is much simpler to regard the liability here stated as merely one of strict liability in tort.”
There is a pleading problem in this case. Plaintiffs in their “breach of warranty” causes of action have conservatively followed the “ contractual ” format. This is wrong, as defendant Pittsburgh Plate correctly argues. However, the pleading issue is hardly the nub of this case, and the unesthetic pleading may be easily corrected by allowing a repleading to restate those causes of action for the pure tort in strict liability that they are (CPLR 3025, subd. [b]). In order not to avoid the issue that ought to be decided, the pleaded causes of action have been treated as if they had been properly pleaded. Pittsburgh Plate has always been aware of what it was being charged with and it does not contend otherwise. Indeed, in candor that is highly commendable and is a tribute to the craftsmanship and integrity *353 of its lawyers, it has conceded that there is a strict liability in tort alfen to contract warranty concepts and it asks that the pleading reflect as much. Of course, it is not ready to concede the starting point for the running of the Statute of Limitations but agrees that it is the tort rather than the contractual statute which is applicable. For that reason it urges that the three-year tort statute is applicable (CPLB 214, subd. 5) rather than the six-year contract statute (CPLB 213, subd. 2).
It should be quite evident that contract or warranty thinking in the area of strict product liability is no longer permissible. It is at best an anachronistic vestige of earlier judicial efforts to resolve a condition in which the just and jurisprudential result was obvious but the proper analysis obscure. Given the pure tort, the relevant general principles in applying Statutes of Limitations inexorably control. When there is indeed no cause of action absent the fact of damage, none accrues. Statutes of Limitations do not bar nonaccrued causes of action; they run only from accrual, or some later date, as in fraud. Any other type of statute in bar should be the province of the Legislature. Thus far, in the tort area there are no such bars, at least that come to mind or are yielded by less than exhaustive research, and it is dubious, putting aside any possible constitutional inhibitions, that any relevant public policy would justify such a harsh result, without even the shortest period of cut-off or grace (cf. CPLR 218, subd. [b]; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 218.02).
Accordingly, the order of the Appellate Division should be reversed, or, if affirmed, with leave to plaintiffs to replead their third and fourth causes of action in strict product liability for tort.
Judges Burke, Bergan and Jasen concur with Judge Scileppi ; Judge Breitel dissents and votes to reverse in a separate opinion in which Chief Judge Fuld and Judge Gibson concur.
Order affirmed.