Angel PEREZ, Plaintiff,

v.

**CHUTICK & SUDAKOFF**, Powells Cove Realty Corp., Atlas Tile & Marble Works, Inc., Atlas Tile & Marble Company, and John C. Carbone, doing business as Atlas Tile & Marble Works and Atlas Tile & Marble Works Company, and Circle Floor Co., Inc., Defendants.

No. 67 Civ. 1232.

United States District Court,
S. D. New York.

April 30, 1970.

Thomas M. Breen, New York City, for plaintiff.

Bernard Helfenstein, Brooklyn, N. Y., for defendants Chutick & Sudakoff and Powells Cove Realty Corp.

Edward L. Milde, New York City, for defendant Atlas Tile & Marble Works, Inc.

Olmstead, Craig & Geen, New York City, for defendant Circle Floor Co., Inc.

## OPINION

FREDERICK van PELT BRYAN, District Judge:

This is a motion by plaintiff Perez to amend his amended complaint by adding a claim for breach of warranty against Circle Floor Co., Inc., one of the defendants.

The proposed third amended complaint alleges that plaintiff was injured while performing his duties as a painter on April 2, 1964 when the ladder on which he was standing slipped. Charged with negligence are the general contractors of the project on which plaintiff was working as an agent of the painting subcontractor and Circle Floor Co., Inc., the subcontractor in charge of installing the floors. Circle did not manufacture the floors it installed and plaintiff did not name the manufacturer as a defendant.

Plaintiff's theory for adding the breach of warranty claim against Circle is apparently that the excessively slippery nature of the floor on which the ladder was resting rendered it unfit for ordinary purposes and thus caused the ladder to slip.

The original complaint in the action was filed on March 30, 1967. The papers indicate that the floor was installed by Circle on February 3, 1964. The papers do not indicate when Circle purchased the flooring from its supplier, the flooring manufacturer. The case has already been placed on the trial calendar.

Motions to amend the pleadings are normally granted with liberality under Rule 15, Fed.R.Civ.P. However, where the party opposing the motion demonstrates prejudice stemming from the moving party's delay, equitable considerations require the denial of the motion. Here, if the motion is granted at this time, the defendant will suffer obvious and substantial prejudice.

It is plain that if plaintiff were able to sustain his theory that the floor was unfit, the party primarily at fault would be the flooring manufacturer. Ordinarily, if plaintiff sued only the installer of the floor, the installer could implead the manufacturer or, if recovery were actually obtained against the installer, the installer could sue the manufacturer in a separate action. In that way liability is pinned on the party primarily responsible. In this case, however, if plaintiff is successful against Circle, recovery by Circle against its supplier by way of impleader or independent suit is barred by the same statute of limitations, C.K.S., Inc. v. Borgenicht Sportswear, Inc., 22 A.D.2d 650, 253 N.Y.S.2d 56 (1st Dep't 1964); City & County Sav. Bank v. Kramer & Sons, 43 Misc.2d 731, 252 N.Y.S.2d 224 (Sup. Ct.1964) which bars a suit by plaintiff directly against the manufacturer. The claim for relief against the manufacturer in favor of Circle or plaintiff accrued on the date of the sale of the flooring to Circle. Blessington v. McCrory Stores Corp., 305 N.Y. 140, 111 N.E.2d 421

(1953); Mendel v. Pittsburgh Plate Glass Co., 25 N.Y.2d 340, 305 N.Y.S.2d 490 (1969). Had the complaint originally included a breach of warranty claim or had it been amended within a reasonable time thereafter, defendant Circle could have impleaded its supplier. Moreover, if plaintiff had acted with reasonable promptness, suit could have been brought directly against the manufacturer. Thus, if plaintiff is allowed to amend, Circle will suffer substantial prejudice.

Plaintiff urges, however, that it was not until December, 1969 when the New York Court of Appeals decided Mendel v. Pittsburgh Plate Glass Co., supra, that plaintiff was given the right to sue Circle, with whom he was not in privity of contract, within six years of the installation of the floor.

The Pittsburgh Glass case held that in New York a cause of action for breach of warranty in favor of third-party strangers to the contract accrued at the time of the sale and was subject to the six-year statute of limitations governing breach of contract actions. In so doing, the Court adopted the approach it had taken in Blessington v. McCrory Stores Corp., supra, which had applied the six-year-from-the-time-of-the-sale rule to actions between parties to the contract seeking recovery for personal injuries arising out of a breach of implied warranty. The alternative approach which the court rejected was that personal injury actions based on breach of warranty were essentially tortious in nature and that the applicable limitation period was three years running from the time of the injury.

It is apparent that in light of Blessington v. McCrory Stores Corp., supra, the holding in Pittsburgh Plate Glass was not unexpected or at least not so unexpected that plaintiff should not have attempted to assert its warranty claim against Circle long ago. Moreover, under either of the two statute of limitation theories discussed in Pittsburgh Plate Glass, plaintiff had a live breach of warranty claim against Circle at the time of the filing of the complaint, which itself did not occur until almost three years after the injury.

It is thus plain that plaintiff has been guilty of inexcusable laches in failing to make a timely motion to include a warranty claim in its complaint and that defendant Circle has been substantially prejudiced by plaintiff's delay.

Accordingly, plaintiff's motion to amend the complaint at this late date is denied.

It is so ordered.